Bernard KUENZ, Respondent,

v.

Daphne WALKER, Appellant.

No. ED 89330.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 27, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 2008.

Daphne Walker, Chesterfield, MO, for Appellant.

Michael A. Gross, Joseph F. Yeckel, Donald K. Gerard, St. Louis, MO, for Respondent.

## OPINION

GEORGE W. DRAPER III, Judge.

Daphne Walker (hereinafter, "Appellant") appeals from the trial court's judgment, denying her "Amended Motion for Relief from Judgment(s) Pursuant to Rule 74.06(b)." We dismiss the appeal for failure to comply with Supreme Court Rules 84.04 and 84.13(a).[1]

---

1. Respondent, Bernard Kuenz, filed two mo- tions taken with the case to dismiss this ap-

Bernard Kuenz (hereinafter, "Kuenz") filed a petition for declaratory judgment to determine the paternity of J.W., Appellant's son. Appellant cross petitioned for a determination of paternity, child support, and necessities. After DNA testing, Kuenz was excluded as the biological father of J.W., and judgment was entered accordingly. Appellant sought an untimely appeal from the trial court's judgment which was dismissed by this Court.

Appellant then filed a nine count motion for relief from the judgment pursuant to Rule 74.06(b). A hearing was held on Appellant's motion, and it was denied. Appellant brings this appeal, *pro se.*

■ An appellant who proceeds *pro se* is held to the same standards as are attorneys and are not given preferential treatment. *Livingston v. Schnuck Markets, Inc.,* 184 S.W.3d 617, 618 (Mo.App. E.D.2006), *Thornton v. City of Kirkwood,* 161 S.W.3d 916, 919 (Mo.App. E.D.2005). Failure to comply with Supreme Court Rules constitutes grounds for dismissal. *Blakey v. AAA Professional Pest Control, Inc.,* 219 S.W.3d 792, 794 (Mo.App. E.D. 2007). "It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Thornton,* 161 S.W.3d at 919.

■ *Pro se* appellants are required to comply with the Supreme Court rules, including Rule 84.04 which sets forth the requirements for appellate briefing. *Livingston,* 184 S.W.3d at 618. Failure to conform with the mandates of Rule 84.04 results in unpreserved allegations of error and can constitute grounds for the dismissal of an appeal. *Thummel v. King,* 570 S.W.2d 679, 688 (Mo. banc 1978).

peal. These motions are granted.

Appellant's failure to comply with Rules 84.04 and 84.13(a) leads this Court to dismiss her appeal. Appellant fails to comply with Rule 84.04 in several respects.

■ Rule 84.04(c) sets forth the guidelines for appellants to present a statement of facts in the brief. "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *In re Marriage of Weinshenker,* 177 S.W.3d 859, 862 (Mo.App. E.D.2005)(*quoting Kent v. Charlie Chicken, II, Inc.,* 972 S.W.2d 513, 515 (Mo.App. E.D.1998)).

■ Appellant's statement of facts are listed in enumerated paragraphs. While it makes some citations to the record, the lengthy statement of facts is incomprehensible, does not represent the record on appeal accurately, and fails to inform this Court of the procedural facts or history of this case.

■ Rule 84.04(d) guides appellants in the proper manner in which to present issues to this Court. The rule requires that each point relied on "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1); *see also Houston v. Weisman,* 197 S.W.3d 204, 205 (Mo.App. E.D.2006). "The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Boyd v.*

*Boyd,* 134 S.W.3d 820, 823 (Mo.App. W.D.2004)(*quoting Wilson v. Carnahan,* 25 S.W.3d 664, 666 (Mo.App. W.D.2000)).

 To properly brief a case, an appellant is required to develop the issue raised in the point relied on in the argument portion of the brief. *Weisman,* 197 S.W.3d at 206 (*citing Horwitz v. Horwitz,* 16 S.W.3d 599, 604–05 (Mo.App. E.D. 2000)). "If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned." Id. Additionally, Rule 84.13(a) provides that either not briefed or improperly briefed allegations of error shall not be considered in any civil appeal.

In this case, Appellant's points do not conform to our applicable standards. Appellant states she seeks relief from the trial court's denial of her Rule 74.06(b) motion. However, Appellant is unable to articulate a concise legal reason explaining how the trial court erred or how those legal reasons support her claim of reversible error.

In the argument portion of her brief, Appellant merely reiterates her points on appeal[2] and lists the applicable standard of review. Appellant does not develop an argument supported by legal authority in her brief but merely makes conclusory statements regarding her arguments. Appellant fails to refer this Court to any principles of law which may be compared to the facts of her case.

Since Appellant's brief fails to comply with Rules 84.04 and 84.13(a), she has preserved nothing for appeal. Accordingly, this Court is without jurisdiction. *Snyder*

---

**2.** Appellant presents only four of her five points on appeal in her argument portion of

*v. Snyder,* 142 S.W.3d 780, 783 (Mo.App. E.D.2004). The appeal is dismissed.

MARY K. HOFF, P.J., and SHERRI B. SULLIVAN, J., concur.