**Ruth Ann LAUCK, Appellant,**

v.

**William PRICE, Respondent.**

**No. ED 90986.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 5, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 15, 2009.

Application for Transfer Denied
Sept. 1, 2009.

---

1. All statutory references are to RSMo 2000.

Joseph S. Rubin, St. Charles, MO, for Appellant.

Cheryl A. Callis, St. Louis, MO, for Respondent.

## OPINION

GEORGE W. DRAPER, III, Judge.

Ruth Lauck (hereinafter, "Lauck") appeals from the trial court's judgment entered after a jury returned its verdict in favor of William Price (hereinafter, "Price") on Lauck's claim of negligence for injuries sustained during an auto accident. Lauck raises three points on appeal claiming: (1) the trial court abused its discretion in admitting Dr. Richard C. Lehman's (hereinafter, "Dr. Lehman") deposition testimony because it was inadmissible hearsay; (2) the trial court erred when it denied Lauck's motion for a mistrial and gave curative instructions to the jury when Price violated a motion in limine during trial; and (3) the cumulative errors at trial warranted a mistrial. We affirm in part and dismiss in part.

On July 23, 2001, Lauck was involved in a two-vehicle accident with Price. At the scene, Price admitted fault and apologized to Lauck. Neither party called the police to report the accident because they both agreed it was "not that bad" and there were no serious injuries.

Several days following the accident, Lauck noticed bruising and swelling in her right knee. She then went to the emergency room complaining her knee was achy and sore. An x-ray of her knee

revealed a contusion. Lauck was given pain medication and referred to an orthopedic surgeon. After making and canceling two initial appointments with the surgeon, Lauck eventually sought treatment from him. The surgeon diagnosed Lauck with patellofemoral syndrome or chondromalacia patella, described as grinding under her kneecap, generally caused by arthritis or a breakdown in the joint surface.

The pain in Lauck's knee continued, and she sought treatment from a second doctor. An additional x-ray and MRI of her knee revealed a need for arthroscopic surgery. This doctor believed the problem with Lauck's knee was due to the automobile accident and not the result of a pre-existing condition. Lauck had several surgeries throughout 2003 and 2004 to remedy the pain in her knee; however, her pain continued to worsen.

On August 26, 2005, Lauck filed suit against Price alleging Price was negligent in failing to maintain the highest degree of care for the safety of other roadway travelers, in each of the following respects: (1) he failed to yield before entering Lauck's lane; (2) he failed to keep a careful lookout; and (3) he failed to signal his intention to change lanes. Lauck claims as a direct and proximate result of Price's negligence, she sustained serious and permanent injury to her right knee. At the time of filing, Lauck was receiving treatment for her knee. Lauck sought damages from Price in a sum in excess of $25,000.

Dr. Lehman was retained by Price as an expert medical witness. He examined Lauck at his office on February 1, 2007. He was then deposed by the parties in April 2007. During his deposition, Dr. Lehman testified he had reviewed Lauck's physical therapy records from November 28, 2001. Defense counsel asked him to read into the record the history Lauck gave to a physical therapist. The records indicated Lauck told the physical therapist she had surgery given a torn meniscus and cracked kneecap were found due to an unknown prior injury. Plaintiff's counsel did not object at the deposition to Dr. Lehman reading this history.

At trial, Lauck objected to her statement in the physical therapy record arguing it was ambiguous and contained hearsay within hearsay within hearsay. The trial court sustained Lauck's objection to the admissibility of the actual record, unless defense counsel could present the physical therapist's testimony. Defense counsel did not produce the physical therapist's testimony regarding the record and the record itself was not directly introduced into evidence.

However, the trial court allowed the jury to hear playback of Dr. Lehman's videotaped deposition. Lauck objected prior to playback, seeking to bar all reference to her statement anywhere in Dr. Lehman's deposition. The trial court overruled the objection, finding there was no objection to the reading of the statement during the deposition and Dr. Lehman relied on the statement in making his conclusions. The court noted that a physician, as an expert, is entitled to rely on other medical records and history given in those records in forming his opinion.

The jury rendered its verdict in favor of Price. Lauck appeals.

■ In Lauck's first point on appeal, she claims the trial court abused its discretion in allowing Dr. Lehman's deposition testimony regarding a statement allegedly made by Lauck to a physical therapist and noted in her medical records to be played in court because the statement was hearsay. Further, she claims even though she did not object to the reading of the record during Dr. Lehman's deposition, she did not waive her right to object at trial under

Rule 57.07(4). Due to the admission of this evidence, Lauck claims she suffered prejudice.

In ruling on a question of admissibility of evidence, the trial court has broad discretion in determining the admissibility of that evidence. *Duerbusch v. Karas*, 267 S.W.3d 700, 707 (Mo.App. E.D.2008). "We review the admission or exclusion of expert evidence for manifest abuse of discretion." *Id.* It is an abuse of discretion "when the ruling is clearly against the logic of the circumstances or when it is arbitrary and unreasonable." *Id.* (*quoting State v. Davis*, 32 S.W.3d 603, 608 (Mo.App. E.D. 2000)). A trial court judgment involving errors in the admission of evidence will "result in reversal only if there is substantial and glaring injustice." *Alberswerth v. Alberswerth*, 184 S.W.3d 81, 100 (Mo.App. W.D.2006). Without a clear showing of an abuse of discretion, this Court will not interfere with the trial court's ruling. *Id.* Here, Lauck has "the burden of rebutting the presumption that the trial court ruled correctly, proving the trial court abused its discretion and showing she suffered prejudice from the abuse." *Duerbusch*, 267 S.W.3d at 707.

■ Lauck claims the trial court erred in admitting Dr. Lehman's deposition testimony because her right to object was not waived by her failure to raise an objection at the deposition. The use of depositions in court proceedings is governed by Rule 57.07. *See also Hemeyer v. Wilson*, 59 S.W.3d 574, 580 (Mo.App. W.D.2001). Certain objections to deposed testimony are waived if not made before or during the deposition under Rule 57.07.

An objection to the competency, relevancy, or materiality of testimony is not waived by failure to object before or during the deposition. Errors and irregularities in the manner of taking the deposition, in form of the questions or answers, in the oath or affirmation, or in the conduct of parties and errors of any kind that might be cured if promptly presented are waived unless seasonable objection thereto is made during the deposition.

■ Rule 57.07(b)(4); *Hemeyer*, 59 S.W.3d at 580. The purpose of this rule is "to give questioning counsel an opportunity to rephrase the question, lay a better foundation, or clarify the question so that evidence will not be rejected at trial because of inadvertent omissions or careless questions." *Seabaugh v. Milde Farms, Inc.*, 816 S.W.2d 202, 210 (Mo. banc 1991).

■ Here, Lauck's objection to the proffered testimony was not to the form, but because it was hearsay, and therefore inadmissible. Lauck's objection could not have been cured at the deposition by rephrasing the question, laying a better foundation, or clarifying the question. Further, she made a timely objection at trial. Therefore, Lauck did not waive her objection to this portion of Dr. Lehman's deposition testimony, and the trial court erred in overruling the objection on these grounds.

■ However, the trial court did not abuse its discretion in admitting Dr. Lehman's deposition testimony under an exception to the hearsay rule. "Hearsay is an out-of-court statement offered to prove the truth of the matter asserted." *Doe v. McFarlane*, 207 S.W.3d 52, 72 (Mo.App. E.D.2006). To be admissible, a hearsay statement must meet the requirements of an exception to the rule. *Id.*

■ "Statements made to a physician, or contained in hospital records, even if characterized as medical history, are admissible insofar as such statements are reasonably pertinent to diagnosis and treatment." *Morrow v. Fisher*, 51 S.W.3d

468, 472 (Mo.App. S.D.2001)(*quoting Breeding v. Dodson Trailer Repair, Inc.,* 679 S.W.2d 281, 285 (Mo. banc 1984)). "As statements of history from the patient are admissible, then they may be relied upon by a medical expert and are a proper basis for opinion testimony." *Id.* (*citing* Section 490.065.3 RSMo (2000))[1]. The relevant portion of Section 490.065.3 states:

> The facts or data in a particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing and must be of a type reasonably relied upon by experts in the field in forming opinions or inferences upon the subject and must be otherwise reasonably reliable.

*Morrow,* 51 S.W.3d at 472.

■ "The purpose of the 'facts or data' prong of the statute was to bring the legal practice in line with the standard practice exercised by experts in their respective fields." *In the Matter of the Care and Treatment of T.D. v. State,* 199 S.W.3d 223, 226 (Mo.App. S.D.2006)(*quoting Wulfing v. Kansas City Southern Ind. Inc.,* 842 S.W.2d 133, 152 (Mo.App. W.D.1992)). Medical experts are allowed to "rely on information and opinions of others provided that those sources are not offered as independent substantive evidence, but rather serve only as a background for his opinion." *In the Matter of the Care and Treatment of T.D.,* 199 S.W.3d at 227. "Medical records are the quintessential example of the type of facts or data reasonably relied upon by experts in the field of medicine." *Id.* (*quoting Glidewell v. S.C. Management, Inc.,* 923 S.W.2d 940, 951 (Mo.App. S.D.1996)).

Here, Dr. Lehman was asked at a deposition his opinion of Lauck's diagnosis and injury. He based his opinion on both her medical history and his observation of Lauck. Dr. Lehman was allowed to rely on the information in her history because the history recorded by the physical therapist served as background for his opinion. To not allow Dr. Lehman to rely on medical history recorded in Lauck's files would go against the basic purpose of Section 490.065.3. Medical histories within the record are 'facts and data' that other experts in the medical profession reasonably rely on. Thus, as a medical expert, Dr. Lehman was entitled to rely on these records to explain the basis of his opinion, even if it constituted hearsay. Point denied.

■ We will address Lauck's second and third points together because both points have issues regarding compliance with Rule 84.04. In her second point, Lauck appeals from the trial court's denial of her request for a mistrial and curative instruction to the jury when Price violated a motion in limine at trial. In her third point, Lauck claims the cumulative errors at trial warranted a mistrial. We do not get to the merits of these claims because Lauck's points are dismissed for failure to comply with Rule 84.04.

■ "Failure to conform with the mandates of Rule 84.04 results in unpreserved allegations of error and can constitute grounds for the dismissal of an appeal." *Kuenz v. Walker,* 244 S.W.3d 191, 193 (Mo.App. E.D.2008). For each point relied on, the rule requires each party to "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1); *Kuenz,* 244 S.W.3d at

---

1. All further references herein are to RSMo (2000) unless otherwise indicated.

193. "Compliance with Rule 84.04 is mandatory to ensure that appellate courts do not become advocates for one of the parties by speculating on facts and arguments that were not made." *Firm Entertainment Group, LLC v. City of St. Louis*, 273 S.W.3d 552, 553 (Mo.App. E.D.2008)(*quoting Ward v. United Eng'g Co.*, 249 S.W.3d 285, 287 (Mo.App. E.D.2008)).

▇▇▇▇ To be properly briefed, an appellant must "include with each point relied on, 'a list of cases, ... and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies.'" *Flavan v. Cundiff*, 83 S.W.3d 18, 27 (Mo.App. E.D.2002)(*quoting* Rule 84.04(d)(5)). Submission of points on appeal that are "not matters of first impression and precedent is available, with limited exceptions, the appellant must cite to authority if it wishes to prevail." *Id.* The points are abandoned, if a party fails to support a contention with argument beyond conclusions. *Kuenz*, 244 S.W.3d at 194.

▇▇▇ The purpose of Rule 84.04 "is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Kuenz*, 244 S.W.3d at 193(*quoting Boyd v. Boyd*, 134 S.W.3d 820, 823 (Mo.App. W.D.2004)). Dismissal for failure to comply "is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Id.* (*quoting Thornton v. City of Kirkwood*, 161 S.W.3d 916, 919 (Mo.App. E.D.2005)). "Appellate courts should not serve as an advocate for any party on appeal, and unfairness would inevitably result if the rule were otherwise." *Flavan*, 83 S.W.3d at 28.

Lauck's second and third points do not conform to our applicable standards. In the argument portions of both points, Lauck merely reiterates her points on appeal and lists the applicable standard of review. Lauck did not give any legal reasons for her claims of reversible error or explain wherein and why those legal reasons support her claims. *Houston v. Weisman*, 197 S.W.3d 204, 205 (Mo.App. E.D.2006). Furthermore, she fails to refer us to any principles of law that may be compared to the facts in her case. *Kehrer v. Correctional Medical Services*, 180 S.W.3d 9, 12 (Mo.App. E.D.2005). Citing the standard of review does not advise this Court about how the law and facts of her case interact. It is not our duty to supplement Lauck's deficient brief with our own research. *See generally Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). Lauck's points are abandoned because she failed to support her arguments with relevant authority or arguments beyond conclusions.

Lauck's arguments fail to conform with the requirements of Rule 84.04(d). Therefore, we dismiss her second and third points for failing to provide this Court with any law instructive on her argument. *Flavan*, 83 S.W.3d at 28. Having preserved nothing for appellate review, points two and three are dismissed.

The trial court's judgment is affirmed in part and dismissed in part.

ROY L. RICHTER, P.J., and LAWRENCE E. MOONEY, J., concur.