George W. CARLISLE, Jr., Appellant,

v.

RAINBOW CONNECTION, INC.,
et al., Respondents.

No. ED 93020.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 15, 2009.

George W. Carlisle, Jr., St. Peters, MO, pro se.

David T. Hamilton, St. Charles, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Appellant George W. Carlisle, Jr. filed a nine-count petition against Respondents Rainbow Connection, Inc., Larry W. Taylor, Peggy R. Carlisle, Belle Lula Enterprises, L.L.C., and Carte' Ay, Inc. Respondents filed a motion to dismiss Appellant's petition. Following arguments on the motion, the trial court granted Respondents' motion to dismiss. Appellant appeals *pro se*, raising eight points. Appellant's brief fails to comply with the rules of appellate procedure so substantially that we cannot review this appeal, and, therefore, we dismiss the appeal.

We hold *pro se* appellants to the same standards as attorneys. *Pointer v. State, Dept. of Social Services*, 258 S.W.3d 453, 454 (Mo.App. E.D.2008). All appellants must comply with the Supreme Court Rules, including Rule 84.04, which governs the content of appellate briefs. *Id.* We are mindful of the problems that a pro se litigant faces; however, judicial impartiality, judicial economy, and fairness to all parties necessitate that we do not grant a pro se appellant preferential treatment with regard to complying with the rules of

appellate procedure. *Id.* Failure to conform with the mandates of Rule 84.04 results in unpreserved allegations of error and can constitute grounds for the dismissal of an appeal. *Kuenz v. Walker,* 244 S.W.3d 191, 193 (Mo.App. E.D.2007)(citing *Thummel v. King,* 570 S.W.2d 679, 688 (Mo. banc 1978)).

 Appellant's brief fails to conform with the mandates of Rule 84.04 in several ways. First, Appellant's statement of facts fails to comply with Rule 84.04(c). Rule 84.04(c) requires that the statement of facts be a fair and concise statement of the facts relevant to the questions presented for determination without argument. "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *In re Marriage of Weinshenker,* 177 S.W.3d 859, 862 (Mo. App. E.D.2005)(quoting *Kent v. Charlie Chicken, II, Inc.,* 972 S.W.2d 513, 515 (Mo. App. E.D.1998)). Here, the statement of facts fails to satisfy this standard for several reasons.

 Appellant's statement of facts is not concise. Appellant's statement of facts consists of eighty-five separately numbered paragraphs. In addition, Appellant's statement of facts contains argument. In the majority of the paragraphs, Appellant argues law, citing to various cases, rules, and statutes, and presents conclusions as to what the applicable law is. "A recitation of the law even when correct is improper in the [s]tatement of [f]acts portion of the brief, and is a violation of Rule 84.04(c)." *Commerce Bank of Kansas City, N.A. v. Conrad,* 560 S.W.2d 388, 390 (Mo.App.1977). Furthermore, Appellant's statement of facts fails to include any of the alleged facts set forth in his petition. Appellant states his "claims are for business funds relating to the activities relating to Accounting, Breach of Contract, Breach of Fiduciary Duty, Breach of the Duty of Good Faith and Fair Dealing, Fraud, Tortious Interference with a Business Expectancy, Prima Facie Tort, Conversion and Civil Conspiracy," but fails to provide any explanation of the facts supporting such claims to support his argument that dismissal was improper. Appellant's statement of facts does not provide this court an immediate, accurate, complete and unbiased understanding of the facts of the case. Failure to include, in the statement of facts, the facts upon which an appellant's claim of error is based fails to preserve the contention for appellate review. *Washington v. Blackburn,* 286 S.W.3d 818, 820 (Mo.App. E.D. 2009). A violation of Rule 84.04(c) standing alone, constitutes grounds for dismissal of an appeal. *Id.*

 Second, in addition to a failure to comply with 84.04(c), Appellant's arguments under each of his points fail to comply with Rule 84.04(e). "To properly brief a case, an appellant is required to develop the issue raised in the point relied on in the argument portion of the brief." *Kuenz,* 244 S.W.3d at 194. If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned. *Id.*

 An argument must explain why, in the context of the case, the law supports the claim of reversible error. Rule 84.04(e). "An argument should show how principles of law and the facts of the case interact." *Washington,* 286 S.W.3d at 821 (quoting *Snyder v. Snyder,* 142 S.W.3d 780, 783 (Mo.App. E.D.2004)).

 Here, in the argument portion of his brief, Appellant fails to develop the issues raised in any of his eight points relied on. The argument portions of Appellant's brief contain little citation to rele-

vant authority, lack any legal analysis, and are comprised primarily of legal conclusions. Appellant's legal citations in the argument sections refer back to the citations improperly included in the statement of facts section. Appellant's arguments contain bare conclusions without linking those conclusions to specific evidence and without providing any rationale supporting the conclusions. Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review. *Kuenz,* 244 S.W.3d at 194. Moreover, an argument that fails to comply with Rule 84.04(e) preserves nothing for appeal. *Washington,* 286 S.W.3d at 822.

Because Appellant's brief fails to comply with Rule 84.04, he has preserved nothing for appeal. Accordingly, the appeal is dismissed.[1]

SHERRI B. SULLIVAN, P.J. and PATRICIA L. COHEN, J., concur.

---

**1.** Appellant's motion to strike portions of Respondents' brief that was taken with the case is denied.