Mary HANKINS, Appellant,

v.

RELIANCE AUTOMOTIVE, INC.,
and Division of Employment
Security, Respondents.

No. ED 94259.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 8, 2010.

1. All statutory citations are to RSMo 2000, unless otherwise indicated.

Mary Hankins, St. Louis, MO, pro se.

Reliance Automotive, St. Louis, MO, pro se.

Shelly A. Kintzel, Department of Labor and Industrial Relations, Division of Em-

ployment Security, Jefferson City, MO, for respondent Division of Employment Security.

KURT S. ODENWALD, Presiding Judge.

### Introduction

Mary Hankins (Claimant) appeals *pro se* from a final order of the Labor and Industrial Relations Commission (the Commission). The Commission's order affirmed the Division of Employment Security Appeals Tribunal's finding that Claimant is not eligible for unemployment benefits because she was discharged by Reliance Automotive (Employer) for misconduct connected with work. Because Claimant's brief fails to substantially comply with the appellate briefing requirements as provided in Rule 84.04,[1] we dismiss Claimant's appeal.

### Background

The record reveals that Claimant worked for Employer in accounts payable for about four or five months until August 10, 2009, when her employment was terminated. On that date, Claimant became engaged in a verbal altercation with Employer's Office Manager, John Zeman (Zeman), and Employer's president, Craig Epstein (Epstein). During the "discussion," Epstein instructed Claimant to lower her voice and act in a professional manner. When Claimant continued talking "and ranting and raving," Epstein again directed Claimant to stop and warned her that if she did not stop, she would be asked to leave. Claimant continued and Epstein terminated Claimant's employment.

Claimant filed a claim with the Division of Employment Security for unemployment benefits, which Employer protested on the grounds that Claimant was terminated when she refused to act professionally and continued to argue loudly.

The Division of Employment Security issued its Deputy's Determination Concerning Claim for Benefits (Deputy's Determination) on September 18, 2009, and found Claimant was disqualified from unemployment benefits because she was discharged by Employer for "misconduct connected with work."

Claimant appealed the Deputy's Determination to the Appeals Tribunal and a telephone hearing was held on October 22, 2009. Claimant testified on her own behalf while Zeman and Epstein testified on behalf of Employer. The Appeals Tribunal issued its decision on October 28, 2009, affirming the Deputy's Determination.

Claimant filed an Application for Review with the Commission on October 30, 2009. The Commission affirmed and adopted the decision of the Appeals Tribunal on January 14, 2010, with one of the three commissioners filing a dissenting opinion.

Claimant filed her Notice of Appeal with this Court on January 20, 2010. This appeal follows.

### Discussion

Claimant appeals as a *pro se* appellant. While we note Claimant's apparent effort to conform to the rules for appeals to this Court, her brief is substantially lacking not only in form, but in content as well. Given the significant deficiencies in Claimant's brief, we dismiss her appeal.

■ *Pro se* appellants are held to the same standards as licensed attorneys. *Blakey v. AAA Prof'l Pest Control, Inc.,* 219 S.W.3d 792, 794 (Mo.App. E.D.2007). The briefs of *pro se* appellants, as with all appellants, must comply with the rules of

1. All further Rule references are to Mo. R. Civ. P.2009, unless otherwise indicated.

appellate procedure, including Rule 84.04, which governs the content of appellate briefs. *Carlisle v. Rainbow Connection, Inc.*, 300 S.W.3d 583, 584 (Mo.App. E.D. 2009). A *pro se* litigant is not granted preferential treatment if he or she fails to comply with the requirements of Rule 84.04, and failure to comply with this Rule constitutes grounds for dismissal. *Id.*; *Thornton v. City of Kirkwood*, 161 S.W.3d 916, 919 (Mo.App. E.D.2005). Our adherence to these principles stems not from a lack of sympathy for the *pro se* appellant, but is necessary to assure judicial impartiality, judicial economy, and fairness to all parties. *Thornton*, 161 S.W.3d at 919.

■ Rule 84.04 exists because "it is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Blakey*, 219 S.W.3d at 794. "Appellate courts are not permitted to speculate on an appellant's arguments because, to do so would cast the court in the role of an advocate for the appellant." *Id.* (internal quotations omitted). In fact, Missouri precedent has established that "appellate courts are not required to review an appeal on the merits where there are flagrant violations of Rule 84.04 concerning the requirements of an appellate brief in a civil case." *Id.* (internal quotations omitted).

■ Claimant's brief fails to conform to the mandates of Rule 84.04 in several respects and to such an extent that her appeal cannot be reviewed. First, Claimant's Table of Contents fails to comply with Rule 84.04(a)(1), as it does not contain the elements mandated by the Rule. Claimant's Table of Contents only lists the various sections of her brief with reference to the corresponding page numbers. Her brief fails to contain, as the Rule requires, a table of case law and other authority with reference to the corresponding page numbers.

Second, Claimant's Jurisdictional Statement lacks the content required by Rule 84.04(b). Rule 84.04(b) requires that "[t]he jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated." Claimant's Jurisdictional Statement contains no information or reference to the applicable constitutional provisions conferring jurisdiction on this Court. Instead, Claimant's Jurisdictional Statement contains legal argument.

■ Next, Claimant's Statement of Facts is grossly deficient. Rule 84.04(c) requires that the Statement of Facts be a "fair and concise statement of the facts relevant to the questions presented for determination without argument." Claimant's Statement of Facts is not only fairly incomprehensible, but does not accurately represent the record on appeal, fails to inform this Court of the procedural facts or history of this case, contains recitation of law,[2] and is composed almost exclusively of argument. "A violation of Rule 84.04(c) standing alone, constitutes grounds for dismissal of an appeal." *Carlisle*, 300 S.W.3d at 585.

Similarly, Claimant's Points Relied On fails to comply with the mandates of Rule 84.04(d). Claimant fails to "identify the administrative ruling or action [ she ] challenges," fails to "state concisely the legal reasons for [ her ] claim of reversible error;" and fails to "explain in summary fashion why, in the context of the case, those legal reasons support the claim of

---

**2.** "A recitation of the law even when correct is improper in the statement of facts portion of the brief, and is a violation of Rule 84.04(c)." *Carlisle*, 300 S.W.3d at 585.

reversible error." Rule 84.04(d). Instead, Claimant's Points Relied On section contains additional legal argument of her apparent complaints with her case.

■ Finally, Claimant's Argument section is equally deficient and fails to comply with Rule 84.04. Claimant entirely fails to include the requisite "concise statement of the applicable standard of review." Rule 84.04(e). Because Claimant also fails to "support [ her ] contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned." *Carlisle*, 300 S.W.3d at 585. Her argument contains very little citation to relevant authority, lacks any legal analysis, and is comprised mainly of legal conclusions. "Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review." *Id.* Furthermore, as with the rest of her brief, Claimant's Argument section fails to site to any references in the record as required by Rule 84.04(i).

Clearly Claimant's brief fails to comply with the requirements of Rule 84.04. Given these deficiencies, Claimant has preserved nothing for appeal. Accordingly, Claimant's appeal is dismissed.

### Conclusion

We dismiss Claimant's appeal for failure to substantially comply with Rule 84.04.

GEORGE W. DRAPER III, and GARY M. GAERTNER, JR., JJ., Concur.