

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

IN THE ESTATE OF: WILLIAM HANKS )

No. ED107504

Appeal from the Circuit Court of
Washington County
14WA-PR00063

Honorable Troy K. Hyde

Filed: October 1, 2019

### OPINION

William D. Hanks, Gereld L. Hanks, and Curtis F. Hanks appeal the judgment of the Circuit Court of Washington County closing the estate of their deceased father, William J. Hanks, in this probate matter. Appellants' brief fails to comply with the rules of appellate procedure so substantially that we cannot review this appeal and therefore dismiss it.

Appellants have failed to comply with Rule 84.04 in several respects, leaving nothing for appellate review. *A.C.C. v. S.B.*, 568 S.W.3d 895, 897 (Mo.App.E.D. 2019); *Johnson v. Buffalo Lodging Assocs.*, 300 S.W.3d 580, 581 (Mo.App.E.D. 2009). First, Appellants' sole point relied on does not comply with Rules 84.04(d)(1)(B) and (C). Under these rules, Appellants were required in their point relied on to "(B) State concisely the legal reasons for [their] claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." A critical function of Rule 84.04(d) is to inform the

court of the issues presented for review. *Kuenz v. Walker*, 244 S.W.3d 191, 193-94 (Mo.App.E.D. 2007) (citing *Boyd v. Boyd*, 134 S.W.3d 820, 823 (Mo.App.W.D. 2004)).

Here, while Appellants' point on appeal asserts error in "closing the estate without hearing and ruling on the heirs' motions," it identifies no legal basis for concluding that those actions amounted to reversible error in the context of the case. Accordingly, it does not present any issue for our review. *Washington v. Blackburn*, 286 S.W.3d 818, 821 (Mo.App.E.D. 2009). To review Appellants' point, we would have to become their advocate by sifting through the record and constructing arguments for them, a role we cannot assume. *Wallace v. Frazier*, 546 S.W.3d 624, 628 (Mo.App.W.D. 2018). For that reason, among others, "[t]he requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts." *Id.* (quoting *Thummel v. King*, 570 S.W.2d 679, 686 (Mo.banc 1978)) (internal quotation marks omitted).

Second, Appellants' argument section does not comply with Rule 84.04(e). "To properly brief a case, an appellant is required to develop the issue raised in the point relied on in the argument portion of the brief." *Kuenz*, 244 S.W.3d at 194 (citing *Horwitz v. Horwitz*, 16 S.W.3d 599, 604–05 (Mo.App.E.D. 2000)). Indeed, "[a]n argument must explain why, in the context of the case, the law supports the claim of reversible error." *Washington*, 286 S.W.3d at 821 (citing Rule 84.04(e); *In re Marriage of Fritz*, 243 S.W.3d 484, 487 (Mo.App.E.D. 2007)).

Here, Appellants have failed to provide any explanation supported by citations to legal authority how the law might support a finding that the trial court committed reversible error. Appellants have thus failed to satisfy the "fundamental requirement of an appellate argument," which is to "demonstrate the erroneousness of the basis upon which a lower court or agency issued an adverse ruling." *Rainey v. SSPS, Inc.*, 259 S.W.3d 603, 606 (Mo.App.W.D. 2008).

2

"Unless an appellant challenges the grounds on which an adverse ruling depends, he has shown no entitlement to appellate relief." *Id.* Therefore, where—as here—the appellants cite no relevant legal authority in support of their claim of error and do not explain why such authority is not available, the appellate court is justified to consider the points abandoned and dismiss the appeal. *State ex rel. Hawley v. Robinson*, 577 S.W.3d 823, 828 (Mo.App.E.D. 2019) (citing *Kimble v. Muth*, 221 S.W.3d 419, 423 (Mo.App.W.D. 2006)); *see also Kuenz*, 244 S.W.3d at 194 ("If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned."). Accordingly, the present appeal is dismissed.

_____
James M. Dowd, Presiding Judge

Gary M. Gaertner, Jr., J., and
Robin Ransom, J., concur.