

# IN THE MISSOURI COURT OF APPEALS
# EASTERN DISTRICT

## DIVISION TWO

| | | |
|---|---|---|
| DAVID MECEY, AND ROBIN MECEY, | ) | No. ED113183 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court of |
| | ) | St. Francois County |
| v. | ) | Cause No. 23SF-CC00125 |
| | ) | |
| HARPS FOOD STORES, | ) | Honorable Patrick L. King |
| | ) | |
| Respondent. | ) | Filed: September 23, 2025 |

## Introduction

David F. and Robin L. Mecey ("Appellants") appeal the grant of summary judgment in favor of Harps Food Stores, Inc. ("Respondent"). Appellants' amended brief fails to comply with the mandatory briefing rules so substantially that it impedes appellate review.

Accordingly, the appeal is dismissed.

## Procedural History

On June 13, 2023, Appellants filed suit against Respondent in St. Francois County, Missouri. After filing their answer to Appellants' petition, Respondent submitted a motion for judgment on the pleadings on December 5, 2023. On June 3, 2024, the motion was heard and the trial court chose to convert it into a motion for summary judgment.

Both parties were given time to amend their respective motions and responses. On November 7, 2024, the trial court granted Respondent's motion for summary judgment.

Appellants, acting *pro se*, timely filed this appeal. Approximately one month prior to submission of their case, Appellants filed a motion requesting leave to file an amended brief and reply brief. Appellants also submitted their proposed amended briefs. The motion claimed Appellants would "[m]ake only minor descriptive clarifications to case law references" and "correct citation errors." Respondents opposed the motion, arguing Appellants' changes exceeded the limited scope of amendments referenced in their motion. This Court denied the motion, stating: "as correctly pointed out by Respondent, the proposed changes include additions, deletions, and changes to the substantive language in the brief."

Shortly thereafter, Appellants filed another motion requesting leave to file an amended brief and reply brief, limiting the changes to incorrect citations. This Court originally denied the motion. However, the order was set aside and subsequently granted following Respondent's consent to the motion.

## Discussion

Appellants' amended brief[1] fails to comply with the mandatory appellate briefing requirements set out in Rule 84.04.[2] *See T.G. v. D.W.H.*, 648 S.W.3d 42, 46 (Mo. App. E.D. 2022). Parties appearing *pro se*, such as Appellants,[3] are "subject to the same

---

[1] Appellants' amended reply brief also fails to comply with the appellate briefing rules, mainly 84.04(e).
[2] All rule references are to the Missouri Supreme Court Rules (2024).
[3] This Court notes Ms. Mecey previously submitted an appeal to this Court, which was also dismissed for briefing violations. *See Mecey v. Harps Food Stores, Inc.*, 661 S.W.3d 14 (Mo. App. E.D. 2023). In dismissing that appeal, this Court stated that compliance with Rule 84.04 is mandatory.

procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs." *Kruse v. Karlen*, 692 S.W.3d 43, 47 (Mo. App. E.D. 2024) (quoting *Hutcheson v. Dep't Soc. Servs., Fam. Support Div.*, 656 S.W.3d 37, 40 (Mo. App. E.D. 2022)). "We recognize the problems faced by *pro se* litigants, but we cannot relax our standards for non-lawyers." *Barbero v. Wilhoit Props., Inc.*, 637 S.W.3d 590, 595 (Mo. App. E.D. 2021). "Our application of the rules stems not from a lack of sympathy, but instead from a necessity for judicial impartiality, judicial economy, and fairness to all parties." *Hutcheson,* 656 S.W.3d at 41 (quoting *Freeland v. Div. of Emp. Sec.*, 647 S.W.3d 22, 26 (Mo. App. W.D. 2022)). Failure to substantially comply with "Rule 84.04 preserves nothing for our review and is grounds for dismissal." *King v. King*, 548 S.W.3d 440, 442 (Mo. App. E.D. 2018).

First, an appellant's brief must include "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Here, Appellants fail to concisely detail the basic factual background necessary to resolve their claims on appeal. As a result, this Court is left to discern the relevancy of each statement to the questions presented for determination. Additionally, Appellants intersperse arguments throughout their statement of facts, which also violates Rule 84.04(c). *See Murphy v. Steiner*, 658 S.W.3d 588, 593 (Mo. App. W.D. 2022). Overall, Appellants' statement of facts falls short of the requirement to provide "an immediate, accurate, complete and unbiased understanding of the facts of the case." *Hamilton v. Archer*, 545 S.W.3d 377, 379 (Mo. App. E.D. 2018) (quoting *Kuenz v. Walker*, 244 S.W.3d 191, 193 (Mo. App. E.D. 2007)).

3

Second, Appellants' eight points on appeal fail to comply with Rule 84.04(d). This rule requires that points relied on identify the trial court ruling or action the appellant challenges, concisely state the legal reasons for the appellant's claim of reversible error, and explain why, in the context of the case, those legal reasons support the claim of reversible error. Rule 84.04(d)(1). To ensure compliance, the rule provides the following template:

> The trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error].

*Id.* "The purpose of the points relied on is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues before it." *Kruse*, 692 S.W.3d at 48 (quoting *Hutcheson*, 656 S.W.3d at 41). When points relied on do not substantially comply with Rule 84.04(d), they preserve nothing for review. *Id*.

Appellants' eight points on appeal read as follows:

[Point I] The trial court erred in granting Defendant's motion to compel discovery, where Defendant failed to properly serve or format discovery requests in compliance with Missouri Rules 57.01 and 58.01, resulting in prejudice to Plaintiffs and a denial of due process. (L.F. 54)[4]

[Point II] The trial court erred in accepting Defendant's Answer (L.F. 15-18) over Plaintiffs' objections, despite denials made in bad faith and Defendant's claimed lack of knowledge regarding facts contained in its own records, thereby compromising the integrity of the pleadings and prejudicing Plaintiffs. (L.F. 34–38)

[Point III] The trial court erred in granting Defendant's Rule 55.27(b) Motion for Judgment on the Pleadings (L.F.19–20, 21–30), where Defendant's answer left thirteen (13) of the seventeen (17) factual averments unanswered,

---

[4] "L.F." refers to the Legal File and the corresponding page numbers in the file. These citations are not necessary for points relied on.

4

even though the information was in its possession, rendering the motion procedurally defective and unsupported. (L.F. 17, 34-38)

[Point IV] The trial court erred in converting Defendant's Rule 55.27(b) motion for judgment on the pleadings into a motion for summary judgment without notice, procedural compliance, or evidentiary basis, where the pleadings remained open, neither party requested summary judgment, and the court improperly referenced a post-hearing affidavit it claimed not to consider.

[Point V] The trial court erred in granting summary judgment (L.F. 136-137), because Defendant failed to respond to Plaintiffs' statement of additional material facts as required by Rule 74.04(c)(3), and the trial court failed to deem those facts admitted or rule on Plaintiffs' objection, thereby violating Rule 74.04 and prejudicing Plaintiffs.

[Point VI] The trial court erred in granting summary judgment (L.F. 136-137), because Plaintiffs' Rule 74.04(c)(2) response and supporting exhibits raised genuine issues of material fact, precluding judgment as a matter of law under Rule 74.04 and Missouri Supreme Court precedent.

[Point VII] The trial court erred in dismissing Plaintiffs' Petition under Rule 55.27(a)(6) (L.F. 136–137), where the Petition adequately pleaded claims for tortious interference, constructive discharge, negligence, and fraud, each supported by factual detail and Legal File citations.

[Point VIII] The trial court erred in dismissing Plaintiffs' Petition with prejudice without granting leave to amend, despite the absence of any indication that amendment would have been futile, thereby violating Rule 55.33 and established Missouri precedent.

Each of Appellants' points relied on fail to follow the format provided in Rule 84.04(d)(1). Given that the rule provides a template, Appellants have no excuse for submitting inadequate points relied on. *Young v. Missouri Dep't of Soc. Servs.*, 647 S.W.3d 73, 77 (Mo. App. E.D. 2022). The most significant deficiencies in Appellants' points are the failure to concisely state the legal reasons for the claims of reversible error and explain why those legal reasons support reversal. *See* Rule 84.04(d)(1)(B)–(C). Aside from these defects, several points are impermissibly multifarious in that they combine

multiple, independent claims of error into one point. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 506 (Mo. banc 2022). Other points such as Points III, VII, and VIII challenge rulings ***not*** made by the trial court. We will not review an error the trial court did not even make.

Rule 84.04(d) also mandates that each point relied on be immediately followed by "a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." Rule 84.04(d)(5). Appellants fail to provide a list of authority after each point.

Third, and most importantly, this Court is unable to reach the merits of Appellants' appeal because the argument section violates Rule 84.04(e). The rule requires appellants to include "a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review" for each claim of error. Rule 84.04(e). Appellants completely fail to include a preservation statement or the applicable standard of review for any of their alleged errors. This alone is sufficient grounds for dismissal. *Young*, 647 S.W.3d at 78.

Rule 84.04(e) also requires the argument section of an appellate brief "show how the principles of law and the facts of the case interact." *Kim v. Kim*, 431 S.W.3d 524, 526 (Mo. App. W.D. 2014) (quoting *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 218 (Mo. App. S.D. 1999)). "Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review." *Frazier v. City of Kansas*, 467 S.W.3d 327, 346 (Mo. App. W.D. 2015) (quoting *Carlisle v. Rainbow Connection Inc.*, 300 S.W.3d 583, 586 (Mo. App. E.D. 2009)).

Appellants' argument fails to "explain why, in the context of the case, the law supports a claim of reversible error." *ACWSTL, LLC v. Gladney*, 673 S.W.3d 550, 552 (Mo. App. E.D. 2023). For example, Appellants' argument section for Point VII simply recites the elements for their claims and includes facts Appellants believe support those elements. A mere recitation of facts does not provide a legal reason upon which this Court can find reversible error. *Acton v. Rahn*, 611 S.W.3d 897, 902 (Mo. App. W.D. 2020). In addition, all of Appellants' arguments contain conclusory statements without meaningful legal analysis or supporting rationale. "If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned." *Frazier*, 467 S.W.3d at 346 (quoting *Carlisle*, 300 S.W.3d at 585).

More perplexing is Appellants' citations. While Appellants cite to existing caselaw, Appellants include quotes which cannot be found in the cases cited. Appellants also continuously misconstrue or incorrectly state the holdings of the cases they cite. For example, relying on *State ex rel. Ford Motor Co. v. Messina*, 71 S.W.3d 602, 607 (Mo. banc 2002), Appellants argue that "trial courts lack discretion to excuse noncompliance with discovery rules." However, *Messina* states the exact opposite proposition: "Trial judges have broad discretion in administering the rules of discovery." *Id.* Also, some citations are incomplete or include errors such as nonexistent page numbers or references to the wrong court. These errors exist even after this Court granted Appellants' motion to file an amended brief and reply brief to correct their citations.

Lastly, Appellants did not file an Appendix. Rule 84.04(h) requires, in relevant part, that an appellant's brief "be accompanied by a separate appendix containing the

judgment appealed and the complete text of all statutes claimed to control a point on appeal." *Barbero*, 637 S.W.3d at 595. Appellants' failure to file an Appendix is a sufficient basis to dismiss the appeal. *Kruse*, 692 S.W.3d at 47.

## Conclusion

The numerous and substantial briefing violations preclude appellate review. "Our court cannot essentially become [Appellants'] advocate and 'reconstruct the facts of the case, speculate about the possible claims of error, and craft an argument on [Appellants'] behalf' in order to address the merits of their appeal." *Campbell v. Woodland Lakes Trusteeship, Inc.*, 591 S.W.3d 511, 512 (Mo. App. E.D. 2019) (quoting *Porter v. Div. of Employment Sec.*, 310 S.W.3d 295, 297 (Mo. App. E.D. 2010)). Accordingly, the appeal is dismissed.

_____
MICHAEL S. WRIGHT, PRESIDING JUDGE

PHILIP M. HESS, J. AND
VIRGINIA W. LAY, J. CONCUR.

8