**R.G. EDMONDSON, Trustee of the Jewell Edmondson Testamentary Trust, Plaintiff–Respondent,**

v.

**Doug EDWARDS and Sandra Edwards, Defendants–Appellants.**

**No. 25089.**

Missouri Court of Appeals, Southern District, Division Two.

Aug. 15, 2003.

J. Michael Riehn, Cassville, for appellants.

Richard L. Schnake, Neal & Newman, L.L.P., Springfield, for respondent.

JOHN E. PARRISH, Judge.

This is an appeal of a judgment awarding damages and granting a permanent injunction. The injunction directs Doug Edwards and Sandra Edwards (defendants) to dismantle a dam across a stream that provided water to property owned by R.G. Edmondson, Trustee of the Jewell Edmondson Testamentary Trust (plaintiff). This court affirms.

Plaintiff's real estate adjoined real estate owned by defendants. Defendants' property was to the east of plaintiff's property. A spring-fed stream originating on property lying northerly of the real estate owned by plaintiff and defendants flowed across defendants' property onto and across plaintiff's property. The spring feeds the stream continuously. Defendants constructed a dam along the path of the stream to fill two ponds they constructed on their property. The flow of

water onto plaintiff's property ceased once the construction of the dam was completed and the water diverted into the ponds located on defendants' property.

Water had flowed continuously onto plaintiff's property before defendants constructed the dam and ponds. The stream had continually provided sufficient water for livestock kept on plaintiff's property. After the construction, there was not sufficient water on plaintiff's property for livestock. Plaintiff had to move livestock from that property due to the lack of water. Plaintiff testified that he would be forced to sell livestock unless the water flow was restored.

Plaintiff sought to enjoin defendants from maintaining the reservoir they created on their property and to require that defendants restore the flow of water to plaintiff's property (Count I). Plaintiff also sought damages for expenses incurred in caring for livestock due to the unavailability of water on plaintiff's property (Count II). The trial court entered judgment for plaintiff on both counts. Defendants were "permanently enjoined and prohibited from maintaining the pond impounding the spring branch." They were "directed to demolish, destroy, or remove the pond and restore the stream bed and flow to the conditions existing prior to the construction of the ponds." The trial court decreed that if defendants failed to remove the pond and restore the stream bed and flow by a certain date they would "be subject to contempt and ordered to pay the Plaintiff the sum of $50.00 per day . . . until . . . the pond is demolished, destroyed, or removed and the stream bed is restored." The trial court awarded nominal damages of $1.00 in favor of plaintiff for the loss of use of the pasture through which the streambed ran.

Defendants assert four points on appeal. Plaintiff argues in his respondent's brief that none of defendants' points on appeal comply with requirements of Rule 84.04(d); that defendants' brief, therefore, preserves nothing for appellate review. Plaintiff argues the defendants' points fail to explain why, in the context of the case, the legal reasons they assert in arguing trial court error support the relief defendants seek. Plaintiff asks this court to dismiss the appeal.

Rule 84.04(a) sets forth what an appellant brief must contain:

The brief for appellant shall contain:

(1) A detailed table of contents, with page references, and a table of cases (alphabetically arranged), statutes, and other authorities cited, with reference to the pages of the brief where they are cited;

(2) A concise statement of the grounds on which jurisdiction of the review court is invoked;

(3) A statement of facts;

(4) The points relied on;

(5) An argument, which shall substantially follow the order of the points relied on; and

(6) A short conclusion stating the precise relief sought.

Rule 84.04(d)(1) explains:

Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or ac-*

tion], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

None of defendants' four points on appeal explain why the legal reasons, in the context of the case, support the claim of reversible error. An appellant's brief that does not comply with requirements of Rule 84.04 presents no issue for appellate review. *In re C.G.L.*, 28 S.W.3d 502, 505 (Mo.App.2000). "This court may, nevertheless, look to the argument portion of the brief to determine if there has been plain error affecting substantial rights which, though not properly preserved, may have resulted in a manifest injustice or a miscarriage of justice." *Id.*

This court perceives defendants' complaints to be that (1) the judgment denies them reasonable use of the stream they dammed; (2) plaintiff was not damaged, therefore, permanent injunction was improper; (3) plaintiff was not entitled to damages. Those complaints will be reviewed for plain error.

The rights of the respective parties are derived from their status as "riparian owners." A riparian owner is "an owner of land bounded by a watercourse or through which a stream flows." *Armstrong v. Westroads Development Co.*, 380 S.W.2d 529, 537 (Mo.App.1964).

The rights of a riparian owner in the water of a stream, . . . include "the right to the flow of the stream in its natural course and in its natural condition in respect of both volume and purity, except as affected by reasonable use by other proprietors, * * *," 56 Am.Jur. Waters § 273, and a reasonable use by other proprietors includes the "limited right to use the water to irrigate his riparian lands," 94 C.J.S. Waters § 314(1), subject to the priority of riparian owners for the supply of "natural wants" which include drinking water for family and for livestock. Kinney on Irrigation and Water Rights, 2d Ed., §§ 500–504. See also Farnham on Waters and Water Rights, § 599. What constitutes a reasonable use is a question of fact depending on the circumstances of each particular case, including, among other things, the volume of water in the stream, the seasons and climatic conditions, and the needs of other riparian proprietors. 94 C.J.S. Waters § 314(2); 56 Am.Jur. Waters § 342; Kinney on Irrigation and Water rights, 2d Ed., §§ 490 and 495; Gould on Waters 3rd Ed., § 208.

*Bollinger v. Henry*, 375 S.W.2d 161, 166 (Mo.1964).

The use plaintiff was denied was to have water for livestock. Plaintiff had farmed and worked on the property from which water was diverted for 50 to 60 years. He had never known the stream to be dry or lack sufficient water for livestock during that time until defendants constructed the dam and ponds in question. A neighboring property owner had owned property in the vicinity for 21 years—at one time he owned the property defendants now own. He did not know of a time when water did not flow from the stream onto plaintiff's property. His recollection was that there had always been a sufficient flow of water for livestock until the time the dam and ponds were constructed. Plaintiff was harmed by having to move livestock from the property to another location that had insufficient pasture. He was forced to purchase supplemental feed for the livestock because of their being moved.

Defendants' construction projects were done for recreational purposes. Although defendants owned the bed of the stream where it crossed defendants' prop-

erty, they did not have exclusive title to the water flowing in the stream, even while it was on their land. *Bollinger,* 375 S.W.2d at 165. Neither did defendants have complete freedom of use or control of the water. *Id.*

> As stated in *Elder v. Delcour,* [364 Mo. 835, 269 S.W.2d 17 (banc 1954),] at p. 24 of 269 S.W.2d, the owner of land through which a nonnavigable stream flows is "subject to the burdens imposed by the river," and is subject to certain limitations imposed in the public interest in the use of the water and the control of the land constituting the bed and banks of the stream. One such limitation, for example, is that such landowner cannot divert the water in a natural watercourse to the exclusion of others. *Dardenne Realty Co. v. Abeken,* 232 Mo.App. 945, 106 S.W.2d 966 [(1937)].

*Id.*

The use to which defendants sought to put the stream was not reasonable in that it diverted the natural watercourse on defendants' property to the exclusion of its long-standing use on plaintiff's property. Plaintiff was damaged by defendants' denying plaintiff his riparian right to the flow of water on his land. Defendants' exclusive use of the water that flowed in the stream was unreasonable. The damage would continue after the judgment was entered; thus, plaintiff had no adequate remedy of law. Plaintiff would be subject to irreparable harm if the injunction had not been entered in that damages would not adequately have compensated plaintiff for the loss. *See City of Kansas City v. New York–Kansas Bldg. Associates, L.P.,* 96 S.W.3d 846, 855 (Mo.App.2002). Defendants were not denied reasonable use of the water by reason of the injunction. Permanent injunction was warranted.

■ Defendants' remaining claim of error, as this court perceives it, is that plain-

tiff would not be entitled to money damages in view of the injunctive relief that was granted. There was evidence that plaintiff incurred money damages in addition to the irreparable harm that was threatened. Plaintiff was entitled to seek both damages and injunctive relief in the same action. *Hulshof v. Noranda Aluminum, Inc.,* 835 S.W.2d 411, 419 (Mo.App. 1992).

This court finds no error by the trial court, plain or otherwise. The judgment is affirmed.

RAHMEYER, C.J., and SHRUM, J., concur.