Steven L. REED, Plaintiff–Appellant

v.

Brenda CIRTIN, City Clerk, City of Springfield, Missouri, Defendant–Respondent.

No. SD 28747.

Missouri Court of Appeals, Southern District, Division Two.

March 9, 2009.

Motion for Rehearing or Transfer to Supreme Court Denied March 19, 2009.

Application for Transfer Denied May 5, 2009.

---

5.  $1,562,653.55-$666,227.00 = $896,426.55.

**144**

Steven L. Reed, pro se.

Thomas E. Rykowski, Asst. City Atty., Springfield, MO, for Respondent.

JOHN E. PARRISH, Judge.

Steven L. Reed (petitioner) brought an action in the Circuit Court of Greene County against Brenda Cirtin, the Springfield, Missouri, City Clerk, (respondent) which alleged, as best this court can discern, that petitioner filed a "Declaration of Candidacy as a Write In for Mayor"; that write-in votes were not allowed at the election at which he sought to be a candidate. Although no prayer appears in petitioner's pleading, this court infers that petitioner sought a new election at which he would be permitted to be a write-in candidate.[1]

Respondent filed a motion to dismiss petitioner's pleading. The circuit court en-

---

1. The following words appear to the right of the caption of petitioner's pleading:
PETITION CONTESTING ELECTION AND REQUESTING NEW ELECTION

tered judgment granting the motion to dismiss. The judgment declared:

> The Court, having heard argument on this matter, finds that the City of Springfield, as a Charter City, has the authority to prescribe it's [sic] own methods and rules for nomination of candidates and that there is no legal authority requiring the City of Springfield to provide for write-in candidates.
>
> It is therefore Ordered, Adjudged and Decreed that the defendant's Motion to Dismiss is sustained and plaintiff's petition is hereby dismissed with prejudice with each party to bear their own costs in this matter. It is further ordered that plaintiff's pending motions to add parties are moot and as such are hereby overruled.

This is an appeal of that judgment.

■ Respondent filed a Motion to Strike [Petitioner's] Brief and/or Dismiss Appeal for Failure to Comply with Rule 84.04. For the reasons that follow, the motion is granted. The appeal is dismissed.

■ Petitioner appears before this court pro se. He is, nevertheless, held to the same standard as a licensed attorney.

> While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers. *Brown v. City of St. Louis,* 842 S.W.2d 163, 165 (Mo.App. E.D.1992). It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.

*Sutton v. Goldenberg,* 862 S.W.2d 515, 517 (Mo.App.1993). *See also Schneller v. GEICO,* 873 S.W.2d 679, 680 (Mo.App.1994).

■ Rule 84.04(a) sets forth what an appellant brief must contain:

> The brief for appellant shall contain:

> (1) A detailed table of contents, with page references, and a table of cases (alphabetically arranged), statutes, and other authorities cited, with reference to the pages of the brief where they are cited;
>
> (2) A concise statement of the grounds on which jurisdiction of the review court is invoked;
>
> (3) A statement of facts;
>
> (4) The points relied on;
>
> (5) An argument, which shall substantially follow the order of the points relied on; and
>
> (6) A short conclusion stating the precise relief sought.

*Edmondson v. Edwards,* 111 S.W.3d 906, 908 (Mo.App.2003). "Violations of Rule 84.04 are grounds for a court to dismiss an appeal." *Shochet v. Allen,* 987 S.W.2d 516, 518 (Mo.App.1999). *See also Hampton v. Davenport,* 86 S.W.3d 494, 496 (Mo.App. 2002).

Petitioner's appellant's brief contains a detailed table of contents with a sufficient itemization of authorities. The remainder of the brief is deficient in that the remaining parts do not comply with Rule 84.04. The jurisdictional statement is not "[a] concise statement of the grounds on which jurisdiction of the review court [i.e., this court] is invoked." Rule 84.04(a)(2). It is a rambling two-page, purported factual narration that concludes with a statement expressing dissatisfaction with the City of Springfield's actions in its representation of the city clerk in this case and dissatisfaction with "the response" of the city to an unidentified "Federal Case."

■ Rule 84.04(c) requires the statement of facts to be "a fair and concise statement of the facts relevant to the questions presented for determination without argument." The statement of facts in pe-

titioner's appellant's brief is argumentative. A number of the assertions include allegations not supported by, or derived from, the record on appeal; allegations that were not relevant to the questions that were before the trial court. As explained in *Vodicka v. Upjohn Co.,* 869 S.W.2d 258, 262 (Mo.App.1994), an ideal statement of facts would be so objective and fair that it could be used as the summary of facts in the appellate court opinion that follows. Arguments are not to be included in a statement of facts in an appellant's brief. Arguments are to appear only in the argument portion of the brief. "The failure of an appellant to comply with the requirements for a sufficient statement of facts, alone, constitutes ground for dismissal of an appeal." *Devoy v. Devoy,* 502 S.W.2d 428, 430 (Mo.App. 1973).

■ The requirements for points relied on are stated in Rule 84.04(d). Rule 84.04(d)(1) directs:

Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the*

*context of the case, support the claim of reversible error*]."

None of petitioner's nine points on appeal comply with Rule 84.04(d). Point I complains that the trial court "was wrong in not enforcing state law of fair and open elections...." As such, it does not identify in what respect the trial court erred. It asserts that "[t]he ruling," without further explanation, was clearly against the preponderance of the evidence. The point does not identify in what respect, in the context of the case, the trial court's actions were contrary to the preponderance of the evidence; neither does it state legal reasons that would support a claim of error.

■ Points II through IX undertake to identify errors, but do not explain, in any respect, legal reasons for the claimed errors; nor do they explain, in the context of the case, any basis in the record that would establish that any error occurred.[2] "Failure to conform the points relied on to the requirements of Rule 84.04(d) constitutes grounds for dismissal." *Stickley v. Auto Credit, Inc.,* 53 S.W.3d 560, 562 (Mo. App.2001).

Rule 84.04(e) requires, among other things, that the argument substantially follow the order of the Points Relied On and that "[t]he point relied on shall be restated at the beginning of the section of the argument discussing that point." Petitioner's appellant's brief did not intersperse restatements of points relied on at the beginning of the sections of the argument that relate to each point.

Finally, Rule 84.04(a)(6) requires an appellant's brief to have "[a] short conclusion stating the precise relief sought." Petitioner's conclusion refers to an issue other than the election to which his petition was

---

**2.** As an aside, this court observes that Point IX complains that no verbatim record was made of the hearing on the motion to dismiss that the trial court granted; however, nothing appears in the record filed in this court that reveals that testimony or other evidence was adduced that would have required a verbatim record.

directed by suggesting, "[a]s a jester [sic] of good faith the City should place the economic issue of voting on developing a technology park on the City ballot since state law passed in 2004 allows them to do that."

Petitioner's brief violates Rule 84.04. Its deviations from the requirements of Rule 84.04 are so gross that they impede disposition of the appeal on the merits. Respondent's motion to dismiss the appeal is well-taken. The motion is granted. The appeal is dismissed.

LYNCH, C.J., and RAHMEYER, J., concur.