**STATE of Missouri, ex rel. Chris KOSTER, Attorney General, Plaintiff–Respondent,**

v.

**Calvin ALLEN, Defendant–Appellant.**

**No. SD 29022.**

Missouri Court of Appeals, Southern District, Division Two.

Oct. 14, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 5, 2009.

Application for Transfer Denied Dec. 22, 2009.

Calvin Allen, pro se.

Chris Koster, Atty. Gen., Joshua David Harrel, Asst. Atty. Gen., Jefferson City, for Respondent.

DONALD BARNES, Senior Judge.

The State of Missouri, at the relation of its Attorney General, Chris Koster,[1] (plaintiff) filed a petition in two counts for preliminary and permanent injunction, civil penalties, and other relief against Calvin Allen (defendant), for violation of § 484.020.1,[2] the unauthorized practice of law, and § 407.020, engaging in unfair merchandising practices. The circuit court entered a default judgment granting plaintiff a permanent injunction with costs and penalties. A motion to vacate and set aside the default judgment was filed by defendant and denied by the circuit court. Defendant appeals. This court concludes that defendant's appeal should be dismissed.

The petition for preliminary and permanent injunction and civil penalties filed by plaintiff alleged defendant entered into an agreement to represent Ms. Barbara Howard "in all matters in connection with [her] need for professional legal redress consulting" in the collection of insurance benefits following her husband's death. Ms. Howard was the named beneficiary under her deceased husband's life insurance policy.

Letters were sent by defendant to the insurance company advising that Ms. Howard was represented by defendant with the Springfield Branch of the National Association for the Advancement of Colored People (NAACP). The agreement between defendant and Ms. Howard was on NAACP letterhead. It provided for fees to defendant of $75.00 per hour, or 15% to 25% of any settlement. Ms. Howard signed the authorization for defendant "to represent [her] and communicate for [her] in regard to court settlement of anything pertaining to and in reference to the accidental death claim" for her deceased husband against the insurance company. The insurer had denied payment under the policy on the basis that the death of Mr. Howard was not from accidental causes. The agreement and authorization were attached to the petition, which alleged defendant is not a member of the Missouri Bar Association, is not licensed to practice law in the State of Missouri, and is not authorized by the NAACP to act on its behalf in legal matters.

Defendant, who was at all times in the cause, including the appeal, *pro se,* failed to file an answer to plaintiff's petition even after his motion to dismiss and his amended motion to dismiss had been overruled. Defendant did, however, file, in addition to his motions to dismiss, counterclaims against plaintiff and at least seven other defendants, including various local media outlets and the president of the local chapter of NAACP alleging "race discrimination" and "predicated and premeditated conspiracy, retaliation, malicious prosecution," libel, "deprivation of constitutional rights free of being accused of infamous crime and fraud," slander and defamation. Defendant also filed amended counterclaims, a motion to join additional parties and claims for just adjudication, a motion for change of judge, and an amended motion for change of judge. None of the counterclaim defendants was ever served summons.

Plaintiff served defendant with a request for interrogatories seeking answers directly related to the allegations, among others,

---

1. *See* Rule 52.13(d).

2. Statutory references are to RSMo 2000.

in the petition of his contractual relationship with Ms. Howard and his representation of Ms. Howard in her claim made against the life insurance company. Defendant filed an identical objection to each interrogatory asserting each was overbroad, burdensome, not calculated to lead to admissible evidence, work product, and violation of agent/client privilege. Plaintiff also filed a motion to dismiss defendant's counterclaims and a motion to compel answers to interrogatories.

A hearing was held on plaintiff's motion to compel answers to the interrogatories propounded to defendant, motion to dismiss counterclaims, and defendant's other various motions. The circuit court overruled defendant's motions, dismissed defendant's counterclaims, and ordered defendant to answer plaintiff's interrogatories within 20 days.

The parties later agreed to extend the time for defendant to answer the interrogatories by filing a protective order to maintain the confidentiality of the discovery responses. Defendant, however, still failed to answer the interrogatories then, or at any other time, but filed a motion to vacate and set aside the court's order dismissing defendant's counterclaims and overruling his motion to join additional parties. Defendant also moved for a change of judge. Plaintiff filed a motion for default judgment based upon defendant's failure to answer interrogatories and otherwise comply with the court's orders.

All of the motions were set for hearing before the circuit court. Defendant failed to appear at the hearing. The court overruled defendant's motions and entered an interlocutory default judgment in favor of plaintiff. A hearing on the interlocutory judgment was set for a later date. Defendant filed an amended motion to dismiss, amended motion for change of judge, and a pleading designated "Opposition to Motion for Default Judgment." The presiding judge granted defendant's amended motion for change of judge. Thereafter, every judge in the 31st circuit recused. The case was finally assigned by the Supreme Court of Missouri to a judge from outside the circuit, Charles D. Curless.

The newly assigned judge considered all of defendant's pending motions, including his motion for reconsideration, and entered a permanent injunction and final judgment of default in favor of plaintiff and against defendant. Defendant then filed a motion to vacate and set aside the injunction and judgment which was also overruled. This appeal by defendant followed.

Defendant filed a brief with this court consisting of 58 pages and a reply brief of 90 pages which we consider in the light of Missouri Court Rule 84 governing procedure in Missouri Appellate Courts. Rule 84.04 governs the requirements for an appellate brief. Subsection (a) of the rule requires that an appellant's brief contain:

(1) A detailed table of contents, with page references, and a table of cases (alphabetically arranged), statutes, and other authorities cited, with reference to the pages of the brief where they are cited;

(2) A concise statement of the grounds on which jurisdiction of the review court is invoked;

(3) A statement of facts;

(4) The points relied on;

(5) An argument, which shall substantially follow the order of the points relied on; and

(6) A short conclusion stating the precise relief sought.

Subsections (b) through (e) of Rule 84.04 specify what does, and does not, meet each of the above requirements. Subsection (c) provides:

**(c) Statement of Facts.** The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. . . .

Subsection (d) provides:

**(d) Points Relied On.**

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in *[identify the challenged ruling or action]*, because *[state the legal reasons for the claim of reversible error]*, in that *[explain why the legal reasons, in the context of the case, support the claim of reversible error]*."

. . .

(4) Abstract statements of law, standing alone, do not comply with this rule. Any reference to the record shall be limited to the ultimate facts necessary to inform the appellate court and the other parties of the issues. Detailed evidentiary facts shall not be included.

(5) Immediately following each "Point Relied On," the appellant, relator, or petitioner shall include a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies.

■ Defendant's appellate brief fails to comply with subsections (c) and (d) of Rule 84.04. Defendant's statement of facts is 24 pages in length. It is labeled, "Statement of Uncontroverted Material Facts with Summary of Argument." Argument is interspersed throughout the entire statement. Inclusion of argument in a statement of facts fails to comply with Rule 84.04(c). *Reed v. Cirtin*, 280 S.W.3d 143, 145–46 (Mo.App.2009). The brief also fails the test of brevity and conciseness set out in Rule 84.04(c). Thirteen pages, over half of the statement of facts, is single-spaced with mostly incomplete portions of testimony quoted from the transcript amounting to little more than phrases or pieces of sentences strung together with ellipses.

■ The brief also fails to comply with Rule 84.04(d) in that it completely omits the requirements of subsections (d)(1)(B) and (d)(1)(C). Each of the points relied on in defendant's brief identifies and complains of multiple rulings of the trial court, but fails to state the legal reason(s) for the claim of reversible error or to explain why those legal reasons support a claim of reversible error in the context of the case. Rule 84.04(d)(1). Each point fails substantially to comply with the rule. Defendant's points relied on appear as follows in his brief:

I. CIRCUIT COURT ERRED, VIOLATED DUE PROCESS, EXTREME PREJUDICE, AND ABUSE OF DISCRETION, OVERRULING AND SUSTAINING [PLAINTIFF'S] MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS AND OVERRULING DEFENDANT'S MOTIONS JOINING PARTIES AND CLAIMS ON OCTOBER 3, 2006. HENCEFORTH, ORDER SHALL BE REVERSED AND REMANDED FOR FINDINGS OF REVERSIBLE ERRORS.

II. CIRCUIT COURT ERRED, VIOLATED DUE PROCESS, AND ABUSED DISCRETION, DENYING

AND OVERRULING DEFENDANT'S MOTION TO CHANGE JUDGE, GRANTED INTERLOCUTORY DEFAULT JUDGEMENT, AND GRANTED ALL [PLAINTIFF] MOTIONS ABSENT OF DEFENDANT'S PRESENCE AT SAID HEARING ON FEBRUARY 22, 2007. HENCEFORTH, ORDER SHALL BE REVERSED AND REMANDED FOR FINDINGS OF REVERSIBLE ERRORS.

III. CIRCUIT COURT ERRED, VIOLATED DUE PROCESS, THAT IS ARBITRARY AND CAPRICIOUS, EXTRAPREJUDICIAL DEMEANOR THAT WAS RACE–BASED AND JUDICIAL PREJUDICE AND ABUSED DISCRETION, OVERRULING ALL OF DEFENDANT'S RECONSIDERATION MOTIONS AND GRANTING [PLAINTIFF] DEFAULT JUDGMENT; THAT IS AGAINST THE WEIGHT OF THE EVIDENCE ON JANUARY 23, 2008. HENCEFORTH, JUDGEMENT, INJUNCTIONS, AND ORDERS SHALL BE REVERSED AND REMANDED FOR FINDINGS OF REVERSIBLE ERRORS.

■ Subsections (d)(1)(B) and (d)(1)(C) of Rule 84.04 require that a point relied on state why the ruling or action complained of is erroneous and wherein the evidence supports the ruling appellant asserts the trial court should have made. *Stacy v. Department of Social Services,* 147 S.W.3d 846, 853–54 (Mo.App.2004). A point relied on that fails to state wherein and why the trial court erred does not comply with Rule 84.04(d). *Storey v. State,* 175 S.W.3d 116, 126 (Mo. banc 2005).

■ Further, each of the points relied on in defendant's brief assigns error to numerous actions or rulings by the trial court. Point I assigns error to the trial court's rulings on plaintiff's motion to dismiss defendant's counterclaims and defendant's motion to join parties and claims. Defendant's counterclaims include three counts; defendant's motion to join parties and claims sought to join numerous counter-defendants and claims. Point II assigns error to the trial court's ruling on defendant's motion for change of judge, plaintiff's motion for default judgment and "all plaintiff motions." Point III assigns error to the trial court's ruling on "all of defendant's reconsideration motions" and entering default judgment. Defendant's motion for reconsideration alone addresses three separate motions, defendant's motion to add parties and claims, defendant's counterclaims, and defendant's "cross-claims." Points relied on containing multifarious allegations of error fail to comply with Rule 84.04. *Dixon v. Thompson,* 235 S.W.3d 568, 571 (Mo.App.2007); *Atkins v. McPhetridge,* 213 S.W.3d 116, 120 (Mo.App.2006).

■ Every deficiency in defendant's brief noted above also applies to defendant's 92–page reply brief, which also includes in the first 16 pages a recitation of his personal history, including his birth, educational career, athletic pursuits, employment record from 1978 forward, his operation of a lounge and entertainment business, his "public service as a civil rights activist," and "legal redress" activities, including prior legal matters in Greene County, none of which has more than the most tenuous relationship, if any at all, to the legal matters raised in the petition.

■ A brief that fails to comply with Rule 84.04 preserves nothing for appellate review. *McGill v. Boeing Co.,* 235 S.W.3d 575, 578 (Mo.App.2007). Compliance with the requirements of Rule 84.04 is mandatory. To hold otherwise would require an appellate court to become an advocate for the appellant by speculating about the

facts, points relied on, and argument he or she failed to present. *Id.* The requirements of Rule 84.04 are equally applicable to *pro se* appellants. *Steltenpohl v. Steltenpohl,* 256 S.W.3d 597, 598 (Mo.App. 2008); *Ward v. United Engineering Co.,* 249 S.W.3d 285, 287 (Mo.App.2008); *McGill v. Boeing Co., supra,* at 577. "Judicial impartiality, judicial economy, and fairness to all parties necessitates that we do not grant *pro se* appellants preferential treatment" with regard to compliance of the rules of procedure. *Ward v. United Engineering Co., supra.*

The deficiencies of defendant's brief impede appellate review. The points relied on fail to give notice to this court of the exact issue, or issues, presented on appeal. *See Wheelhouse Marina Real Estate, L.L.C. v. Bommarito,* 284 S.W.3d 761, 767 (Mo.App.2009); *Patterson v. Warten, Fisher, Lee & Brown, L.L.C.,* 260 S.W.3d 417, 419 (Mo.App.2008). Violations of Rule 84.04, as exhibited in defendant's brief, are grounds to dismiss an appeal. *Wheelhouse Marina Real Estate, L.L. C. v. Bommarito, supra; Patterson v. Warten, Fisher, Lee & Brown, L.L.C., supra.*

Because of defendant's substantial failure to comply with Rule 84.04, it is unnecessary for this court to address defendant's points of error. However, a gratuitous review of defendant's points on appeal discloses no prejudice to defendant by dismissal on procedural grounds. Defendant's appeal is dismissed. Judgment of the trial court is affirmed.

SCOTT, C.J., and RAHMEYER, J., concur.