*MISSOURI COURT OF APPEALS*
*WESTERN DISTRICT*


SUSAN L. BROWN (A/K/A SUSAN )
BROWN-THILL), TRUSTEE OF )    WD84347
THE EUGENE D. BROWN TRUSTS )
CREATED BY TRUST )    OPINION FILED:
AGREEMENT DATED FEBRUARY )
27, 1989, ET AL., )    June 28, 2022
                                                    )
           **Respondents,** )
  v. )
                                                    )
RICHARD L. BROWN, ET AL., )
                                                    )
           **Appellants.** )

**Appeal from the Circuit Court of Jackson County, Missouri**
**Honorable Mark Anthony Styles, Jr., Judge**

**Before Division Four:**
**Cynthia L. Martin, C.J., Karen King Mitchell and Janet Sutton, JJ.**

Mr. Richard L. Brown has filed a *pro se* appeal from a Jackson County Circuit Court Probate Division (probate court) order denying eight post-judgment motions associated with a 2016 judgment approving the final distribution of the Brown family estate. In his return to this Court, Mr. Brown challenges any order the probate court issued while he had a prior appeal pending before this Court, as well as the probate court's approval of the termination of certain limited family partnerships and its approval of a former attorney's hourly legal fees and attorney's lien. He also challenges the probate court's and this Court's prior rulings on redirecting his

purported individual interests in one of the partnerships into the court's registry as part of the contested trust distribution.

Because Mr. Brown has failed to remedy significant briefing shortcomings under Rule 84.04,[1] for which we struck his initial brief, we dismiss the appeal.[2] We do not address the merits. We also grant the motion for sanctions filed by the Trustee Respondents, who include Ms. Susan Brown-Thill and Mr. James Cooper, each a trustee of one of the two trusts created by Mr. Brown and Ms. Brown-Thill's parents.[3] We remand for the probate court to determine the amount of reasonable fees and costs on appeal and to make an appropriate award against Mr. Brown.

The dispute between and among these parties has been described by this Court as costing "a shocking amount of time, money, and personal anguish," *Brown v. Brown-Thill*, 543 S.W.3d 620, 639 (Mo. App. W.D. 2018) (affirming probate court's

---

[1] Unless otherwise indicated, all rule references are to the Missouri Supreme Court Rules (2021).

[2] We also struck Mr. Richard L. Brown's initial legal file for failure to meet the requirements of Rule 81.12(b)(2)(F) by including a mix of certified and non-certified documents, not otherwise agreed to by the parties, and elaborated in a letter to him that he had also failed to comply with the requirements of Rule 81.12(b)(2)(C) & (D) by omitting some pleadings on which the case was tried and by including extraneous material. Not only has Mr. Brown included in the revised legal file extraneous material, such as an order granting him time to amend a pleading and duplicative material, but he also failed to change the legal-file references in his amended brief, so the legal-file pages on which cited material is said to be located cannot be found on those pages of the revised legal file. For example, Mr. Brown cites a common provision in the partnership agreements with a page reference to LF0614-0704. The partnership agreements in the corrected legal file only partially overlap that page reference. Similarly, Mr. Brown indicates in the amended brief that the probate court's December 30, 2019, order granting Mr. Michael T. George's attorney's lien in the amount of $720,505.70 can be found at LF2164, which is a reference to the legal file that was struck. This document too is actually elsewhere in the revised legal file, which comprises 3,707 pages. And this is so for every legal-file reference in Mr. Brown's amended brief, making the search for the orders, motions, and other documents discussed an exercise not required of appellate courts. *Ellison v. Fry*, 437 S.W.3d 762, 776 (Mo. banc 2014) ("It is not this Court's duty to search the record for . . . evidence . . . .").

[3] For ease of reference we refer to the Respondents as the Trustee Respondents to distinguish them from Mr. George who is also a respondent.

July 2016 judgment ordering final distribution of trust assets and approving trustees' final accountings "in all respects," while expressing, in vain as it turned out, that "a final conclusion will be a blessing to all concerned"),[4] and as "scorched earth litigation regarding the assets of this estate" by Mr. Brown. *Brown v. Brown*, No. WD84312, slip op. at 15 (Mo. App. W.D. Apr. 26, 2022) (rehearing and transfer motions overruled and denied May 31, 2022).[5]

The facts underlying the parties' disputes and leading to the probate court's judgment are set forth in *Brown-Thill*, 543 S.W.3d at 625-26. We will discuss the facts relevant to this appeal as needed. For purposes of context, the parents whose trusts and estates are at the core of this dispute between siblings both passed away by 2009. *Id.* at 624. Thus, within the span of 13 years, Mr. Brown filed in this Court, by our count, six previous appeals involving the Trustee Respondents. *See* Appendix A. Each time the relief he requested was denied, Mr. Brown unsuccessfully sought rehearing or transfer, although he twice voluntarily dismissed his appeals when we questioned the finality of the order or judgment appealed from. *See* Appendix A. Mr. Brown unsuccessfully filed two motions for appeal out of time and two motions for leave to file late notice of appeal in 2020, when he was also occupied with filing related motions that the probate court denied in the omnibus order at issue in this appeal. *See* Appendix A. Not listed in Appendix A is an appeal Mr. Brown filed challenging a court's order confirming a partition sale of real property owned by one

---

[4] Nine of Mr. Brown's appeals and motions for leave to file appeal out of time preceding this appeal were filed *after* we decided the appeal in 2018. *See* Appendix A.

[5] Any reference we may make to an unpublished memorandum is not intended to suggest precedential value, but simply supports our conclusion that Mr. Brown has previously been warned about briefing violations and that he has litigated and appealed virtually the same issues repeatedly over the course of these protracted proceedings to settle the Brown family estate.

3

of the limited partnerships involved in these proceedings as a tenant in common with a Texas-based general partnership. *Cohen v. Normand Prop. Assocs., L.P.*, 498 S.W.3d 473, 481 n.8 (Mo. App. W.D. 2016) (affirming circuit court's approval of sale, finding appeal frivolous, declining to award sanctions, and warning Mr. Brown "that further frivolous filings in this court in this matter may not yield the same response."). In his reply brief, Mr. Brown asks us to correct the facts and law in *Cohen*, referenced for the first time in his reply brief, as well as two others (WD79914, WD82949), neglecting to mention that motions to rehear or transfer in all three cases were overruled and denied.

Mr. Brown's litigiousness prompted the probate court in December 2019 to grant Ms. Brown-Thill's motion to enjoin her brother from pursuing "further vexatious litigation." Finding "that [Mr.] Brown's petition in this matter presents legal questions which are identical to certain issues that [Mr.] Brown has repeatedly raised and have been ruled upon by this Court and other courts," the probate court ordered Mr. Brown to pay Ms. Brown-Thill's legal expenses associated with the petition and also enjoined Mr. Brown:

> from pursuing further litigation against the Trustee of the Eugene D. Brown Trust, the Trustee of the Saurine L. Brown Trust, or any other individual or entity in connection with the disposition, accounting, or handling of the assets held by . . . either the Eugene D. Brown Trust, the Saurine L. Brown Trust, and for such other relief as the Court deems just and equitable.

Declining a request that Mr. Brown be required to pay the Respondent Trustees' legal fees, a federal court that dismissed Mr. Brown's first amended petition to enforce an arbitration agreement arising out of the same dispute nevertheless referred to the injunction when cautioning him that "further filings in violation of the Injunctive

4

Order may subject [Mr. Brown] to sanctions." *Brown v. Brown-Thill*, No. 21-CV-00107-SRB, slip op. at 10 (W.D. Mo. Aug. 12, 2021). We invoked the injunction as recently as April 2022, when we dismissed, for significant briefing deficiencies under our rules, Mr. Brown's tenth attempt to appeal to this Court and remanded for the trial court to determine the appropriate award against Mr. Brown of attorney's fees incurred by the Trustee Respondents in defending the appeal. *Brown*, No. WD84312, slip op. at 16.[6]

Undeterred, Mr. Brown files this appeal.

The salient events preceding the omnibus order at issue here began with an October 2019 hearing for the probate court to take testimony, admit exhibits, and hear arguments on Mr. Michael T. George's August 2019 motions to withdraw from representing Mr. Brown and to enforce an attorney's lien, in addition to the Respondent Trustees' July 2019 motion to approve the resolutions terminating partnerships. The probate court granted Mr. George's motion to withdraw, after Mr. Brown said during the hearing that he did not object.[7] The court issued orders in late December 2019 imposing Mr. George's attorney's lien on Mr. Brown's trust distribution and granting the motion to approve the partnership termination

---

[6] We also warned Mr. Brown "that further meritless litigation may subject him to additional sanctions, including but not limited to compensatory fines and/or coercive imprisonment [for contempt]. *Frantz v. Frantz*, 488 S.W.3d 167, 172-73 (Mo. App. E.D. 2016)." *Brown v. Brown*, No. WD84312, slip op. at 16 (Mo. App. W.D. Apr. 26, 2022) (rehearing and transfer motions overruled and denied May 31, 2022).

[7] In Point VI, Mr. Brown claims that he agreed to the withdrawal subject to the condition that he be given 30 days before proceeding with the hearings. Mr. Brown actually conditioned his agreement with counsel's withdrawal during the October 2019 hearing on his "dispute of the facts." That he agreed to the withdrawal renders any attempt to appeal the probate court's grant of Mr. George's motion to withdraw meritless on its face.

5

resolutions, which would finalize the distribution of trust assets approved in 2016 and affirmed by this Court in 2018.

Mr. Brown then filed motions in probate court throughout 2020 in an effort to derail the attorney's lien, the partnership resolutions, and the final trust distribution, including motions filed in December 2020 to set aside, under Rule 74.06, the probate court's December 2019 orders granting the enforcement of Mr. George's attorney's lien and approving the partnership resolutions. Mr. Brown filed nearly 20 motions in this case in probate court in 2020. The probate court's omnibus January 20, 2021, order denied eight of these motions.

We entered orders striking Mr. Brown's initial legal file and initial brief for violating our appellate-court briefing rules, and he filed a revised legal file and an amended brief, which, as discussed below, continues to fail to substantially comply with Rule 84.04, therefore precluding our meaningful review.

**Legal Analysis**

An appellate brief that does not comply with Rule 84.04 preserves nothing for our review. *State ex rel. Koster v. Allen*, 298 S.W.3d 139, 144 (Mo. App. S.D. 2009). Compliance with Rule 84.04 is mandatory. *Id.* "To hold otherwise would require an appellate court to become an advocate for the appellant by speculating about the facts, points relied on, and argument he or she failed to present." *Id.* at 144-45. And the rule's requirements "are equally applicable to *pro se* appellants." *Id.* at 145. "We are mindful of the problems that a pro se litigant faces; however, judicial impartiality, judicial economy, and fairness to all parties necessitate that we do not grant a pro se appellant preferential treatment" when assessing compliance with the rules of

6

appellate procedure. *Carlisle v. Rainbow Connection, Inc.*, 300 S.W.3d 583, 584-85 (Mo. App. E.D. 2009).

This appeal was taken from the probate court's omnibus January 20, 2021, order denying post-judgment motions that Mr. Brown filed between April 2 and December 30, 2020.[8] To best demonstrate what has become a hallmark of this litigation, we attach Appendix B, which includes in some detail each motion and the apparent basis for each motion's filing, while fully cognizant of the proscription on appellate courts scouring the record to find support for one party's position.[9] *See*

---

[8] Mr. Brown filed the notice of appeal on March 1, 2021. It is timely, if at all, only on the basis of section 512.020(5), RSMo (2016), authorizing an appeal from "any special order after final judgment in the cause[.]" *See, e.g., St. Louis Bank v. Kohn*, 517 S.W.3d 666, 672 (Mo. App. E.D. 2017) ("The noun phrase, 'any special order after final judgment in the cause,' refers to 'the orders in special proceedings attacking or aiding the enforcement of the judgment after it has become final in the action in which it was rendered.'" (quoting *Wehrs v. Sullivan*, 187 S.W. 825, 826-27 (Mo. 1916)). The probate court entered judgment in the case on July 15, 2016, "ordering a final distribution of the assets of the EDB [Eugene D. Brown] and SLB [Saurine L. Brown] Trusts and approving the Trustees' final accountings." *Brown v. Brown-Thill*, 543 S.W.3d 620, 626 (Mo. App. W.D. 2018). Thereafter, in addition to fielding Mr. Brown's "numerous motions to enforce the probate court's judgment immediately," which ironically had the effect of attacking and prolonging the judgment's enforcement, the probate court was called on to approve the complicated liquidation and distribution of trust assets, including the trusts' interests in three family limited partnerships, and attorney's fee claims to be satisfied from distributed trust assets. *Brown,* No. WD84312, slip op. at 5. We discussed the complications of liquidating the trusts' assets in an unpublished memorandum, describing them as follows:

> substantial complexities surrounding the winding up of the trusts, including tax, cash-flow, and valuation issues; disputes over appropriate offsets to the parties' shares; [Mr.] Brown's failure to cooperate by executing necessary documents; and the pendency of other litigation instigated by [Mr.] Brown and by his attorney, which implicate the trusts' assets.

*Brown v. Brown*, 611 S.W.3d 347 (Mo. App. W.D. 2020) (mem.) (No. 82949, slip op. at 10).

[9] Note that while raising as error that the probate court issued orders when another, related case was pending on appeal, Mr. Brown's motions at issue in this appeal were, for the most part, filed during that time period, which encompassed most of 2020. In short, he himself invited the probate court to continue issuing rulings in the case while his appeal in WD82949 was pending before this Court, despite the North Carolina precedent he relies on in the statement of facts to dub the probate court "functus officio" during that period. We would also observe that the order from which Mr. Brown appealed was entered in January 2021 and is thus outside the date range during which he contends in Point I that the probate court lacked the authority to enter other rulings in the case due to a pending appeal.

7

*Acton v. Rahn*, 611 S.W.3d 897, 904 (Mo. App. W.D. 2020) (dismissing appeal for appellant's failure to correct Rule 84.04 briefing deficiencies that led Court to strike first appeal brief, we observed that to address the merits would improperly require this Court "to act as [Appellant's] advocate by searching the record for relevant facts of the case[.]").

As indicated above, we entered orders striking Mr. Brown's initial appellate brief and the legal file he first submitted. We based our order striking the brief on the following Rule 84.04 violations:

> (1)[T]he argument does not include a concise statement of the applicable standard of review for each claim of error, and a concise statement describing whether the errors alleged in Points IV-IX were preserved for appellate review and if so, how they were preserved, in violation of Rule 84.04(e), and (2) the brief lacks a short conclusion stating the precise relief sought, in violation of Rule 84.04(a)(6).[10]

Mr. Brown's amended brief does not include a concise statement of the applicable standard of review for each claim of error, a concise statement describing whether the errors alleged in Points IV-IX were preserved for appellate review, or a short conclusion stating the precise relief sought.[11]

---

[10] We ordered in September 2021 that Mr. Brown's brief be struck in WD84345 for similar reasons: failure to comply with Rule 84.04(d), and failure to include (1) a concise statement of the applicable standard of review for each claim of error and (2) a concise statement describing whether the error was preserved for appellate review and how it was preserved, both in violation of Rule 84.04(e). The brief struck here was filed about three months later, on December 23, 2021, when Mr. Brown presumably already understood the risk of violating these particular rules, which, as we later explained when dismissing his appeal for briefing violations in WD84312: "We recognize [Mr.] Brown appeals *pro se*, but the Missouri Court of Appeals does *not* play hide-the-ball when it comes to briefing requirements and, instead, provides a detailed primer to all litigants, whether represented or unrepresented, via the public web site found at www.courts.mo.gov." *Brown*, WD84312, slip op. at 10 (citation omitted).

[11] Mr. Brown asserts in his response to the Respondent Trustees' motion to dismiss or strike that the amended brief presents the relief sought "in the first page and in the prayer." The only "relief" on the first page pertains to Mr. Brown's assertion that the findings of fact and law disposing of two of his prior appeals "do not align with one another or with the underlying Judgment and Post-judgment Orders. Appellant asks that facts and law be reconsidered for accuracy and fairness of the outcome."

Other Rule 84.04 violations include (1) setting forth a statement of facts that, at 38 pages is neither concise nor, containing argument and legal principles, fair, Rule 84.04(c);[12] (2) exceeding the limitation on case references for some points or not citing any caselaw at all, Rule 84.04(d)(5); (3) failing to argue how the principles of law apply to the facts of the case, Rule 84.04(e); and (4) failing to have specific page references to the relevant portions of the record on appeal, given that the legal-file references throughout the brief do not correspond to Mr. Brown's revised legal file, Rule 84.04(c).

In many ways, Mr. Brown's briefing shortcomings are similar to those that led this Court to dismiss the appeal in *Acton*. We entered an order striking the initial brief Mr. Acton filed and determined that, other than attempting to supply the amended brief with the missing jurisdictional statement, Mr. Acton again failed to (1) set forth the applicable standard of review for each point, (2) describe whether and how the alleged errors were preserved, (3) include specific page references to the

---

We have found no "prayer" in the amended brief. Further, as to reconsideration, that ship has sailed. We denied rehearing and transfer in both WD79914 and WD82949, rejecting Mr. Brown's claims as to the latter that we narrowly viewed or omitted material facts, failed to apply our previous findings, and should re-examine a point in WD79914.

[12] Contending in his response to the Respondent Trustees' motion to dismiss or strike that "[t]he Statement of Facts are relevant, unbiased and documented," Mr. Brown overlooks statements in his amended brief such as the following: (1) After the Brown estate plan became irrevocable in 2007, "[Mr. James] Cooper made various and significant changes to the estate plan that existed at that time. He drafted his April 7, 2008, appointment as trustee" of the trusts, "also becoming general partner in all partnerships on that date." We find no support for the claim that Mr. Cooper drafted his appointment as trustee, nor is there any reference to the partnerships on the page cited. (2) "In the October 28, 2019, Hearing, the Trustees, in their capacities as General Partners, misled the Successor Court about other, previous findings." (3) "Separately, in termination, the General Partners do not have complete voting control, as they represented for the court records." The statement of facts in Mr. Brown's amended brief also contains references to caselaw and statutes in violation of Rule 84.04(c), which requires a statement of relevant facts "without argument." *See Carlisle v. Rainbow Connection, Inc.*, 300 S.W.3d 583, 585 (Mo. App. E.D. 2009) ("A recitation of the law even when correct is improper in the [s]tatement of [f]acts portion of the brief, and is a violation of Rule 84.04(c)." (citation omitted)). This violation, "standing alone, constitutes grounds for dismissal of an appeal." *Id.*

9

relevant portion of the record on appeal in the statement of facts and in the argument, and (4) include a "short conclusion stating the precise relief sought." *Acton*, 611 S.W.3d at 903-04. We found dismissal particularly appropriate, because the appellant made "no effort to correct the deficient points in his amended brief, even after being put on notice that they were inadequate." *Id.* (citing *Nicol v. Nicol*, 491 S.W.3d 266, 270 (Mo. App. W.D. 2016)); *see also Lexow v. Boeing Co.*, 643 S.W.3d 501, 506-09 (Mo. banc 2022) (dismissing appeal for Rule 84.04 violations including defective and multifarious points relied on, deficient record-page references, and defective table of authorities, despite a court of appeals warning about the deficiencies that counsel failed to address in the substitute brief filed after transfer). Like Mr. Acton, Mr. Brown was on notice about several deficiencies in the initial brief and made no effort to correct them.

As well, Mr. Brown's points relied on fail to address in what way the probate court erred with regard to each motion denied by the probate court in its omnibus January 20, 2021, order.[13] For example, in that order, the probate court denied two May 2020 motions to set aside for cause its February 11, 2020, order, evidently disagreeing that Mr. Brown was not properly notified when that order was entered.[14] Nowhere in the present appeal does Mr. Brown discuss how this Court may review a ruling on a motion to set aside a judgment for cause or why those denials were

---

[13] The points on appeal are set forth in Appendix C.

[14] The May 2020 motions to set aside were identical and, according to Mr. Brown, related to a December 27, 2019, ruling on Mr. George's attorney's lien. Mr. Brown had sought to vacate the order dismissing his challenges to the attorney's lien or to amend the order in a motion filed January 29, 2020. The court denied Mr. Brown's January 30, 2020, motion, which replaced two January 29, 2020, motions, on February 11, 2020. The duplicate motions and this replacement exemplify the multiple filings to which Mr. Brown has resorted throughout the course of this litigation.

improper, unauthorized, or constituted an abuse of the court's discretion, depending on the applicable standard of review. *See E.K.H.-G. v. R.C.*, 613 S.W.3d 449, 454 (Mo. App. E.D. 2020) ("The standard of review is an essential portion of all appellate arguments; it outlines this court's role in disposing of the matter before us. While it would be easy enough for this court to determine the applicable standard of review, it is not our duty to supplement the deficient brief with our own research." (citation omitted)). Rather, Mr. Brown skips straight to the heart of the controversy in Point VII by claiming that the probate court erred by approving Mr. George's hourly fee billing because Mr. Brown had a contingency fee agreement with him.

This is not how the appellate process works. What Mr. Brown brought before this Court for review is an order that denied eight specific motions. Mr. Brown has neither asserted nor argued in what way the probate court's denial of those motions was erroneous and has not addressed what legal standards this Court must apply to determine whether the probate court erred, predicates for any meaningful review of the rulings Mr. Brown challenges. *See Acton*, 611 S.W.3d at 902 (addressing appellant's improper points relied on and stating, "Of equal significance, the points relied on fail to properly identify the trial court ruling being challenged, fail to concisely state the legal reasons for a claim of reversible error, and fail to adequately explain why those legal reasons support the claim of reversible error."). We cannot make Mr. Brown's arguments for him.

We echo the concerns expressed in *Acton* about our inability to reach the merits in this case for multiple reasons. *Id.* at 904. "To do so, this Court would have to act as [Mr. Brown's] advocate by searching the record for relevant facts of the

11

case, deciphering his points on appeal, crafting a legal argument, and locating authority to support it. This we cannot do." *Id.* We prefer to decide cases on the merits, but the deficiencies in Mr. Brown's amended brief preclude meaningful appellate review. Accordingly, we must dismiss the appeal.

We took with the case the Trustee Respondents' motion to dismiss the appeal or to strike Mr. Brown's amended brief and their motion for sanctions. Mr. Brown failed to correct significant Rule 84.04 violations, and for that reason we dismiss the appeal, making the Trustee Respondents' motion to dismiss the appeal moot. We agree that this appeal constitutes an attempt to litigate some matters already decided in both state and federal courts.[15] We did not allow Mr. Brown to file late appeals from the probate court's orders approving Mr. George's attorney's lien or late appeals involving other petitions, such as the one Mr. Brown filed seeking relief from the

---

[15] As to the claims Mr. Brown raises here in Points II, III, and IV, the following history of the dispute is aptly summarized in a prior opinion and demonstrates that these claims were previously litigated:

> The trustees began distributing the trusts' assets in accordance with the probate court's [December 27, 2019,] order. [Mr.] Brown [had previously] filed a Petition to Enforce Mandatory Arbitration of Partnership Disputes ("First Petition to Enforce Arbitration") on May 22, 2019[,] against [Ms.] Brown-Thill and [Mr.] Cooper, in the Civil Division of the Jackson County Circuit Court. The case was transferred to the probate division[,] and [Ms.] Brown-Thill and [Mr.] Cooper filed a motion to dismiss, which was sustained by the probate court [on December 18, 2019].
>
> On February 21, 202[0], [Mr.] Brown filed a Petition to Enforce Arbitration ("Second Petition to Enforce Arbitration") against [Mr.] Cooper, which is the underlying petition in this case and makes the same claims as the First Petition to Enforce Arbitration. The trial court dismissed [Mr.] Brown's petition, found [Mr.] Brown in contempt of the vexatious litigation injunction, and sanctioned [Mr.] Brown by awarding [Mr.] Cooper his costs and attorney's fees expended in response to [Mr.] Brown's petition. After [Mr.] Brown's petition was dismissed by the probate court, [Mr.] Brown filed a similar Petition to Enforce an Arbitration Agreement against [Ms.] Brown-Thill in the United States District Court for the Western District of Missouri. The federal court dismissed this cause of action based on *res judicata* because the parties had already litigated the same claims in the First Petition to Enforce Arbitration[.] . . .

*Brown*, WD84312, slip op. at 6-7.

12

probate court's 2016 judgment due to Mr. Cooper's alleged fraud. Second, third, and fourth bites at the apple seriously impede our appellate institutions and impose intolerable burdens on opposing parties.

In light of such circumstances, we conclude that this appeal is frivolous under Rule 84.19 and thus grant the Trustee Respondents' motion for sanctions. We award damages under Rule 84.19 "with great caution" and do so only where such damages will serve "(1) to prevent congestion of the appellate court dockets with meritless cases which, by their presence, contribute to delaying resolution of meritorious cases and (2) to compensate respondents for the expenses they incur in the course of defending these meritless appeals." *Estate of Downs v. Bugg*, 242 S.W.3d 729, 734 (Mo. App. W.D. 2007) (citation omitted). While this Court has the authority to allow and determine the amount of attorney's fees on appeal, we exercise that power with caution, because "[i]n most cases, the trial court is better equipped to hear evidence and argument on this issue and determine the reasonableness of the fees requested." *Lake at Twelve Oaks Home Ass'n, Inc. v. Hausman*, 488 S.W.3d 190, 202 (Mo. App. W.D. 2016). We advise Mr. Brown that further meritless appeals may subject him to additional sanctions, including but not limited to a narrowly drawn order enjoining Mr. Brown from initiating further frivolous civil appeals to this Court involving any of the respondent parties herein and relating to the underlying fact pattern. *See Bugg v. Rutter*, 466 S.W.3d 596, 606 (Mo. App. W.D. 2015) ("We further order that Mr. Bugg shall not be permitted to initiate further civil appeals to this Court involving any of the respondent parties herein relating to the underlying fact pattern that this Court has now ruled upon for the eleventh time, unless and until Mr. Bugg has

13

provided proof that he has complied with this Court's present sanction ruling.").  We anticipate that dismissing the appeal, imposing sanctions, and warning about additional sanctions would counsel Mr. Brown to exercise restraint as he moves forward.

## Conclusion

Mr. Brown's briefing failed to substantially comply with Rule 84.04, even after his initial brief and legal file were struck and the reasons for doing so were explained to him.  The issues he appears to raise are matters already considered in multiple forums or rejected because his prior appeals addressing the issues were filed too late.  We dismiss the appeal, grant the Trustee Respondents' motion for sanctions, and remand for the probate court to determine and award them the reasonable fees and costs incurred in defending this appeal.

_____

Janet Sutton, Judge

Martin, C.J. and Mitchell, J. concur.

14

# Appendix A

*2016*

WD79914 – Appeal from probate court's July 15, 2016, order approving trustees' trust distribution plans and final accountings. Affirmed. Brown's motion for rehearing and transfer overruled and denied. 543 S.W.3d 620 (Mo. App. W.D. 2018).

*2019*

WD82949 – Appeal from multiple post-judgment probate court orders entered June 24, 2019. Per curiam affirmance. Brown's motion for rehearing and transfer overruled and denied. Brown's motion to publish denied.

*2020*

WD83448 – Appeal from probate court's December 18, 2019, judgment setting aside a prior order denying Trustee Brown-Thill's motion to dismiss petition to enforce mandatory arbitration of partnership disputes. When this Court advised that the judgment lacked finality, Brown voluntarily dismissed appeal.

WD83504 – Appeal from probate court's December 18, 2019, judgment granting Trustee Brown-Thill's motion to dismiss petition to enforce mandatory arbitration of partnership disputes. When this Court advised that the dismissal appeared to be without prejudice and thus may have lacked finality, Brown voluntarily dismissed appeal.

WD83609 – Motion for appeal out of time and seeking stay of Attorney George's "efforts to pierce Brown's individual Limited Partnership Accounts." Denied. Brown filed motion to reconsider. Denied.

WD83616 – Motion for appeal out of time probate court's February 11, 2020, order dismissing Brown's petition for relief from judgment due to fraud. Denied. Brown's motion to accept amendment to reply suggestions denied. Brown filed motion to reconsider. Denied.

WD83813 – Motion for leave to file late notice of appeal from probate court's December 27 and 30, 2019, orders. Denied. Brown filed motions to rehear or transfer. Denied.

WD83814 – Motion for leave to file late notice of appeal from probate court's December 27, 2019, judgment and order. Denied. Brown filed motions to rehear or transfer. Denied.

1

*2021*

WD84312 – Appeal from probate court's January 29, 2021, order granting Trustee Cooper's motion to dismiss, dismissing Brown's petition to enforce arbitration with prejudice, and imposing sanctions. Brown's initial brief stricken for failure to comply with Rule 84.04. Amended brief stricken, appeal dismissed, and case remanded for award of attorney's fees to Cooper for fees pertaining to appeal. Brown filed motions to rehear or transfer. Overruled and denied.

WD84345 – Appeal from probate court's November 19, 2020, order granting Trustees' joint motion for order authorizing them to direct the release of funds held in trust for Brown and authorizing their deposit in court to be held in trust for Brown and his charitable foundation. (Notice of appeal filed in circuit court in Nov. 2020, not forwarded to this Court until Mar. 2021). Dismissed for failure to prosecute appeal within allowable time periods. Brown filed motion to reconsider. Denied.

# Appendix B

### January 20, 2021, Omnibus Order Denying Motions

First, in the omnibus order, the probate court denied Mr. Brown's April 2, 2020, motion for a final accounting, a stay of partnership termination, and request for injunctive relief until disputes over the latter were arbitrated. The probate court had approved the execution of partnership resolutions that would terminate the partnerships, in which the trusts had an interest, upon final distribution of their assets in an order entered December 27, 2019. Mr. Brown filed this motion during the pendency of WD82949, his appeal of multiple probate court post-judgment orders.

Second, the probate court denied Mr. Brown's April 23, 2020, motion to accept a proposed order for a hearing on his previously filed motion objecting to any plan of final distribution until the 2020 balances were fully reconciled. Mr. Brown also filed this motion during the pendency of WD82949.

Third and fourth, the probate court denied two verified motions to set aside the court's February 11, 2020, "judgment." In those motions, filed May 5 and 13, 2020, Mr. Brown stated that he had not timely received notice of the February 11, 2020, "judgment," and requested that the court reissue a new one, evidently concerned that he would be unable to appeal that *order* out of time. The orders the probate court issued on February 11, 2020: (1) denied Mr. Brown's January 30, 2020, verified motion seeking relief from a December 30, 2019, order granting Mr. Michael T. George's attorney's lien or alternatively to vacate or grant a new trial; Mr. Brown also requested in the January 30, 2020, motion that the probate court's December 30, 2019, order be amended to transfer his counterclaims for professional malpractice to a different proceeding; and (2) denied Mr. Brown's January 27, 2020, verified motion to set aside or amend the court's order approving the partnership resolution. Mr. Brown also filed these motions during the pendency of WD82949.

Fifth, the probate court denied Mr. Brown's July 22, 2020, motion to accept the submission of a motion he filed in opposition to his wife's July 7, 2020, amended motion for an order of distribution of marital funds to her; the July 22, 2020, motion sought the return of Mr. Brown's share of partnership assets held by the probate court as part of the ongoing dispute over trust distributions. Mr. Brown filed this motion during the pendency of WD82949.

Sixth, the probate court denied Mr. Brown's August 17, 2020, motion to take judicial notice of a stay in opposition to distribution of court-held funds. The stay at issue was entered in Mr. Brown's marital dissolution proceeding, which was then pending on appeal. Mr. Brown filed this motion during the pendency of WD82949.

3

Seventh, the probate court denied Mr. Brown's December 29, 2020, verified Rule 74.06 motion to set aside the court's December 27, 2019, order approving the partnership resolutions.[1]

And finally, the probate court denied Mr. Brown's December 30, 2020, verified Rule 74.06 motion to set aside the court's December 30, 2019, grant of an attorney's lien to Mr. George.

---

[1] In May 2020, Mr. Brown twice attempted to appeal the December 27, 2019, order out of time.

4

# Appendix C

Brown's Points Relied On

I.  The Probate Court errored by issuing Orders between July 3, 2019, and December 18, 2020, because it is generally accepted that during the pendency of appeal, the Court loses its authority to issue orders and, in particular when all parties are not before the Court in that the Court proceeded to render orders while it was functus officio and without the individuals who were interested parties. [Latter part not stated in TOC or argument section of brief.]

II. The Probate Court errored by Approving Resolutions terminating the Partnerships because the General Partners had not fulfilled their fiduciary duties to report or to offer continuation of the Partnerships, because, given adequate notice, the Court is charged with assuring that the duties are fulfilled in that the Probate Court received the complaints in timely manner but neither acted upon them nor received and approved Partnership Accounting nor had the Predecessor Court.

III. The Probate Court errored by Approving Resolutions terminating the Partnerships because the Court did not have in personam jurisdiction over the General Partners or the Limited Partners or in rem jurisdiction over the assets in that the Probate Court overreached its authority over non-parties Case No. 13P8-PR01168.

IV. After partnership dissolution was contested, the Probate Court errored by approving the termination of the Partnerships because the Partnerships' Operating Agreements require Alternative Dispute Resolution, and the Uniform Limited Partnership Acts of Kansas and Missouri defers to the legal terms of the Partnership Agreement in that the Court appropriated the Arbitrator's authority.

V.  After partnership dissolution was contested, the Probate Court errored by approving the termination of the Partnerships because in addition to applicable arbitration the Partnerships' Operating Agreements and the Uniform Limited Partnership Acts of Kansas And Missouri stipulate the process, including approvals necessary, to undergo dissolution in that the Court failed to follow the designated course.

VI. The Probate Court errored by approving Michael T. George's withdrawal without allowing any time to follow the disengagement to allow the opportunity to obtain alternate counsel or to fully prepare for Pro Se representation because the Court and George have duties to provide fair and reasonable notice in that the Court disregarded that Appellant's volunteer approval was with the stipulation that he be given thirty (30) days before proceeding with the Hearings.

5

VII. The Probate Court errored by approving Michael T. George's Hourly Fee Billing because George had executed a Contingency Fee Agreement approved in writing by Brown's authorized agent, followed by five (5) years of no billing in that the Court disregarded the contractual elements of the original Agreement.

VIII. The Probate Court errored by approving Michael T. George's Attorney's Lien because, regarding the same transactions, compulsory counterclaims were filed which required a consolidated proceeding outside of the Probate Court's authority in that the Probate Court recognized the issue but proceeded to hear the case anyway.

IX. The Probate Court's and Appellant Court's rulings resulting in the redirection into the Court's Registry of Appellant's long-held individual interests in Normand because the facts relied on are flawed, and the law applied strains that provided in the Partnership law, encompassing the Partnership Agreement, which provides for continuation of the entity and creditor protection in that the Courts misapplied the relevant facts and law, creating a manifest injustice.